Harry L. ABRAMS, individually, and as Administrator of the Estate of Edith Abrams, deceased, Appellant,

v.

Doctor Everett J. GORDON, Appellee.

No. 15398.

United States Court of Appeals District of Columbia Circuit.

Argued Feb. 19, 1960.

Decided March 10, 1960.

Petition for Rehearing En Banc Denied April 6, 1960.

who had testified for the defense on causation, concerning any statements in texts which the witnesses had not relied upon or read. We think the court erred. Reilly v. Pinkus, 338 U.S. 269, 70 S.Ct. 110, 94 L.Ed. 63; Dolcin Corp. v. Federal Trade Commission, 94 U.S.App.D.C. 247, 219 F.2d 742, certiorari denied 348 U.S. 981, 75 S.Ct. 571, 99 L.Ed. 763. "The object of using the books on cross-examination was to test the expert's testimony by having him refer to and comment upon their contents." 338 U.S. at page 276, 70 S.Ct. at page 114. The court's bar was against all books, however reputable, which the expert witness had not relied upon or read. In view of this ruling it was not necessary for the appellant to show these particular books were authoritative. We cannot say the court's error was not prejudicial.

Reversed.

---

Mr. Sheldon E. Bernstein, Washington, D. C., with whom Mr. David A. Brody, Washington, D. C., was on the brief, for appellant.

Mr. Harvey B. Cohen, Washington, D. C., also entered an appearance for appellant.

Mr. Justin L. Edgerton, Washington, D. C., with whom Messrs. Charles E. Pledger, Jr., Randolph C. Richardson, and John F. Mahoney, Jr., Washington, D. C., were on the brief, for appellee.

Before Mr. Justice REED, retired,* PRETTYMAN, Chief Judge, and EDGERTON, Circuit Judge.

PER CURIAM.

The plaintiff's wife died some months after an operation the defendant surgeon performed. The plaintiff attributed her death to the operation and sued for malpractice. The jury returned a verdict for the defendant and the plaintiff appeals.

Both negligence and causation were in issue. The court prevented the plaintiff from cross-examining expert witnesses,