Virgil WISEMAN, Plaintiff-Appellee,

v.

SINCLAIR REFINING COMPANY, Defendant-Appellant.

No. 371, Docket 26779.

United States Court of Appeals Second Circuit.

Argued May 5, 1961.

Decided May 25, 1961.

Vincent A. Catoggio, New York City (Purdy, Lamb & Catoggio, New York City, on the brief), for defendant-appellant.

Jacob Rassner, New York City (Henry Isaacson, New York City, on the brief), for plaintiff-appellee.

Before LUMBARD, Chief Judge, and HINCKS and MOORE, Circuit Judges.

HINCKS, Circuit Judge.

Plaintiff, claiming while a seaman on defendant's vessel to have slipped on a greasy ladder step and to have knocked his ankle against its guard rail, brought this Jones Act action seeking damages for negligence and unseaworthiness as well as maintenance and cure. Trial was to the court without a jury. Only plaintiff and a physician who had examined him for testimonial purposes testified. The judge found for plaintiff in the amount of $21,000, "including all three matters." [1] He made no independent findings of fact or conclusions of law, but asked plaintiff's counsel to prepare them, declining the offer of defendant's counsel also to submit findings. The findings so prepared were filed with the judgment but were not signed at that time.

The case must be reversed. The principal proof that plaintiff's back condition was related to his fall aboard defendant's vessel was the physician's testimony that sprains of the lumbar and lumbosacral spine were caused by a wrenching at the time of the accident. [2] After defendant's counsel had established that the doctor made no inquiry

---

1. Plaintiff's counsel requested maintenance and cure in the amount of $5,762, damages of $16,800 for lost wages, and damages of $8,500 for pain and suffering, i. e., $30,972. Without explanation the court awarded $21,000, "including all three matters."

2. The plaintiff, after testifying that he injured his right leg on the fall, was asked on direct examination if any other part of his body was involved. He replied: "At that time it didn't bother me, but I did have a wrenched back, but it didn't bother me at that time."

as to the previous history of plaintiff's back, the trial judge barred counsel from asking whether it would be possible that the condition antedated the fall. This was error. The doctor also testified that the ulcer on plaintiff's right leg was caused by the fall. After the doctor recognized a medical dictionary as a reliable authority on medical terms but noted that he was unfamiliar with its definition of an ulcer, defendant's counsel was not allowed to ask the doctor if he agreed with the dictionary definition. This too was error, especially in view of the importance of the physician's testimony. Reilly v. Pinkus, 338 U.S. 269, 275, 70 S.Ct. 110, 94 L.Ed. 63; Abrams v. Gordon, 107 U.S.App.D.C. 254, 276 F.2d 500; Lawrence v. Nutter, 4 Cir., 203 F.2d 540, 542–543; see Dolcin Corp. v. F. T. C., 94 U.S.App.D.C. 247, 219 F.2d 742, 746–747, certiorari denied 348 U.S. 981, 75 S.Ct. 571, 99 L.Ed. 763; but see Shaw v. Duncan, 10 Cir., 194 F.2d 779, 783.

■ Plaintiff's own testimony demonstrates his failure on several occasions in the course of his cure to seek medical attention and thus to keep the cost of his maintenance and cure to a minimum. Wilson v. United States, 2 Cir., 229 F.2d 277, 281; Repsholdt v. United States, 7 Cir., 205 F.2d 852, 856–857, certiorari denied 346 U.S. 928, 74 S.Ct. 308, 98 L. Ed. 420; Bowers v. Seas Shipping Co., 4 Cir., 185 F.2d 352–354; The Saguache, 2 Cir., 112 F.2d 482. The plaintiff also failed to offer credible evidence to support a substantial allowance for loss of future wages. He worked for the defendant only a fortnight and there is scant clue in the evidence whether his subsequent unemployment was caused by his injuries or by lack of available work or lack of desire to work. Since it is impossible, even with the aid of the unsigned findings, to know how much of the judgment represents maintenance and cure and loss of future earnings, the entire judgment must be vacated.

■ More basic ground for reversal is the absence of evidence of liability. Neither plaintiff nor any other witness testified that they ever saw grease on the stair. To be sure, plaintiff said on direct examination that the step was greasy. But on cross-examination he admitted that he did not see grease there at the time; that he only saw grease on his shoe. But where that grease came from does not appear.

Reversed and remanded with a direction to dismiss.