Bergan, J.
If a seaman or longshoreman be injured by the unseaworthiness of a vessel, hi^ action against the shipowner is governed by Federal maritime common law, and liability is “ absolute ” (Mitchell v. Trawler Racer, 362 U. S. 539; Pope & Talbot, Inc. v. Hawn, 346 U. S. 406). “ It is a form of absolute duty owing to all within the range of its humanitarian policy ” (Seas Shipping Co. v. Sieracki, 328 U. S. 85, 94, 95). This liability is independent of Federal statutory responsibility (Mitchell, 362 U. S. 539, 549) and, as Justice Stewart there wrote for the court, there “is a complete divorcement of unseaworthiness liability from concepts of negligence ” (p. 550).
Thus, if “ unseaworthiness ” within the Federal judicial definitions is shown to exist and to have been a cause of injury, negligence need not be shown. Unseaworthiness may include such a transitory thing as grease on the vessel itself or on a part of the cargo on which a longshoreman works causing a slippery condition, as well as permanent defects in the ship structure. Since this liability is “unrelated to principles of negligence law” (362 U. S. 539, 547) and hence it is not “ limited by conceptions of negligence ” (328 U. S. 85, 94), notice to the shipowner of existence of the danger need not be shown.
Two causes of action are pleaded in the present complaint arising from a fall and injury to the plaintiff attributed at the trial to a slippery and greasy area on a portion of the cargo on the S.S. Pioneer Contender on which plaintiff, a longshoreman, was working. One cause was for negligence and violation of certain Federal statutory and regulatory requirements; the second cause was based on the unseaworthy condition of the ship. The complaint was dismissed by the trial court at the" end of plaintiff’s case; the Appellate Division affirmed by a divided court.
*339 Taking the most favorable view of plaintiff’s proof, the court was right in dismissing the cause based on negligence. No negligence was shown under any theory. Not enough about the size, and visibility of the grease, or the length of time it was there, was established to have afforded any reasonable notice of its existence to the shipowner which would require correction or protection and thus have brought home a liability for negligence under Federal law.
But enough was shown to have made out a prima facie case against the shipowner based on the unseaworthiness of the vessel under the Federal decisions. Plaintiff himself did not testify to what happened; but a jury could find on other proof offered in his case that he suffered injury in a fall on the ship. Plaintiff spoke almost no English; and although an interpreter was produced who satisfied the Trial Judge of his ability to interpret the Croatian-Primoski dialect spoken by plaintiff, counsel elected not to call plaintiff, purportedly, as he argues here, because of a controversy over the qualifications of the interpreter and the Trial Judge’s expressed “ serious reservations ” about plaintiff’s case.
Emilio Sumberaz, a fellow worker and a longshoreman, testified he saw the fall and the condition of the vessel, and observed presence of grease op a part of the cargo on which plaintiff was working and also on the sole of plaintiff’s shoe, both of which observations were made immediately after the accident. Sumberaz, in turn, had difficulty in expressing himself and testified through an Italian interpreter.
Sumberaz said they were working on hold No. 1 of the ship; that the “ grease caused it ”, a statement which went into the record without objection; that he saw the grease "on the sole of his [plaintiff’s] shoe ” after the accident; that there was “ grease on the strip of the carton that the man slipped on”. The cartons were cardboard and were part of the cargo which plaintiff and the witness were unloading that day. The day after the accident plaintiff reported it and was observed apparently to be in pain.
It may be that on the weight of evidence, and on the issue of credibility, a verdict for the plaintiff would not be permitted to stand and would be set aside. On weight and credibility, the failure of a plaintiff to testify himself what happened might *340 cause the court to view his casé skeptically. But the question here is the sufficiency of the proof as a matter pf law to go to the jury.
The plaintiff had trouble communicating, as a maritime safety officer testified. His language is an unusual one. The Judge expressed “ reservations ” about plaintiff’s “ representations ” and this is said on appeal to have decided counsel not to call him as a witness, on his own behalf.
If there is enough other proof in the case to permit the inference that plaintiff fell because the cargo on which he worked contained grease slippery enough to óause a fall, it cannot be held as a matter of law that no case is made out. The observations of the fellow worker, and the reasonable inferences which a jury might draw from those observations make out a case. In view of the really general form of observations of Sumberaz (although he, too, had language difficulties) the plaintiff’s proof was thin. Nevertheless the cause cannot be disposed of by dismissal as a matter of law (Pollard v. Trivia Bldg. Corp., 291 N. Y. 19; Meiselman v. Crown Hgts. Hosp., 285 N. Y. 389; Serina v. New York Rys. Corp., 266 N. Y. 552).
The evidence in the case would justify a finding that there was a “ strip of grease ” on the cargo; that plaintiff was working on that portion of the cargo; that he slipped on the grease and fell. A prima facie case of unseaworthiness is here in which negligence, and notice of defect to the shipowner, in the traditional sense of negligence, are irrelevant and that part of the order of dismissal should be reversed.
In a concurring opinion in Pope & Talbot, Inc. v. Hawn (346 U. S. 406, 414, supra), Justice Frankfurter examined the relatively recent development of “ federal maritime law ” as a basis of recovery by a workman engaged on a ship (there a carpenter) for the unseaworthiness of the vessel. He noted that not until 1903 in The Osceola (189 U. S. 158) had the court recognized the right of crew members to recover for the unseaworthy condition of the ship although denying recovery for negligence.
Justice Frankfurter agreed, also, that the right to recovery for unseaworthiness “is in the nature of liability without fault for which contributory negilgence is not a bar to recovery ” (346 U. S., at p. 415) and with the decision being made in that *341 case, to allow a carpenter injured on a ship berthed at a pier on the Delaware River to recover, among other grounds, for unseaworthiness of the ship and that such a worker was not barred under The Osceola because he was not a “ seaman ”.
The decision in Mitchell v. Trawler Racer (362 U. S. 539, supra) provides a significant contribution to an understanding of the kind of defect or condition which makes out ‘ ‘ unseaworthiness ” under maritime law. There the temporary presence on the ship’s rail of “ slime and fish gurry ” left from a recent unloading operation was held sufficient to render the ship unseaworthy and to permit recovery by an injured crewman who slipped on it.
Knowledge by the shipowner of the conditions was deemed unnecessary to liability. The action is not governed by the usual concepts of negligence in this respect. Justice Stewabt posed the problem this way: “ In its present posture this case thus presents the single issue whether with respect to so-called ‘ transitory ’ unseaworthiness the shipowner’s liability is limited by concepts of common-law negligence ” (Mitchell, 362 U. S. 539, 542).
The crux of the decision is that the duty is no less onerous “ with respect to an unseaworthy condition which may be only temporary ” than one which is part of the permanent structure of the vessel (p. 549). What has evolved, Justice Stewabt concluded, is liability without fault not governed by concepts of negligence (p. 550).
The doctrine, broad as it is, was limited, and reasonably limited, to exclude from its scope the ‘ ‘ Isolated, personal act of negligence by a fellow longshoreman ” in Usner v. Luckenbach Overseas Corp. (400 U. S. 494). Such an act is not the unseaworthiness of the ship (see opn., Stewabt, J., p. 494). The condition must be something about the ship or, and this is important here, about the cargo, i.e., the ‘' method of loading her cargo, or the manner of its stowage, might be improper” (p. 499; see A. & G. Stevedores v. Ellerman Lines, 369 U. S. 355; Gutierrez v. Waterman S.S. Corp., 373 U. S. 206). That doctrine on the face of it embraces this present case.
In point here is Schell v. Chesapeake & Ohio Ry. Co. (395 F. 2d 676 [C.A. 4th]) where a machinist’s helper, working on a tttg, slipped and fell due to grease on a metal step. A sufficient ease *342 of unseaworthiness was held made out. The decision in Mitchell v. Trawler Racer (362 U. S. 539, supra) was regarded to be decisive.
The case is similar to Calderola v. Cunard S.S. Co. (279 F. 2d 475 [C.A. 2d]) where grease on a ladder causing a longshoreman to fall was held to be evidence of an unseaworthy condition (opn., Lumbard, Oh. J.). That the condition was “ transitory” was held no defense (p. 477; see, also, Napolitano v. Companía Sud Americana De Vapores, 421 F. 2d 382 [C.A. 2d]).
There is an analytical discussion of the. absolute liability due to unseaworthiness and the general theory of negligence in the District Court decision in Nosal v. Calmar S.S. Corp. (339 F. Supp. 1235). The court is bound, of course, by Federal law (see, e.g., Lindgren v. Tugboat Dalzellable, 26 N Y 2d 455; Riley v. Agwilines, Inc., 296 N. Y. 402).
The order should be modified by reversing that part which dismissed the second cause of action based on unseaworthiness and by directing a new trial as to that cause; and, as thus modified, affirmed, with costs to abide the event.
Chief Judge Fuld and Judges Scileppi, Breitel, Jasen and Gibson concur with Judge Bergan ; Judge Burke dissents and votes to affirm.
Order modified and the case remitted to Supreme Court, New York County, for a new trial in accordance with the opinion herein, and, as so modified, affirmed, with costs to abide the event.