**Whitford A. RICE, Plaintiff,**

**v.**

**ATLANTIC GULF & PACIFIC CO.,**
**Defendant.**

**No. 70 Civ. 2296.**

United States District Court,
S. D. New York.

Jan. 22, 1973.

Sergi & Fetell, Brooklyn, N. Y., for plaintiff; Lester E. Fetell, Brooklyn, N. Y., of counsel.

Barry, McTiernan, Congdon, Treanor & Moore, New York City, for defendant; Roger P. McTiernan, New York City, of counsel.

OPINION

ROBERT L. CARTER, District Judge.

This case was tried to a jury December 4–6, 1972. Plaintiff, a seaman on

defendant's dredge Barlow was injured in a fall from a ladder on the vessel. His claim is that the vessel was unseaworthy, and the defendant was negligent in failing to keep the steps of the ladder from which plaintiff fell clean and oil free.

At the close of all the testimony defendant moved for a directed verdict. The motion was denied, and the case was sent to the jury with the following instructions on the issues of unseaworthiness and negligence:

" . . . if you find that there was a slippery substance on the step in such quantity that it was unfit or unsafe for use on a working dredge, then you must as a matter of law find that the dredge was unseaworthy."

"Plaintiff contends that defendant failed in his duty to use ordinary care to keep the ladder in a reasonably safe condition in that it did not provide adequate and competent men to clean it. You have heard evidence regarding the duties and schedule of the cleaning crew which worked on the ship and you have heard evidence regarding the obligation of plaintiff and other firemen to clean any oil which they found on the ladder.

"If you find that the plaintiff did not have a reasonably safe place in which to work and that the ship's officers knew or, in the exercise of reasonable care, should have known of the unsafe condition and failed to take reasonable steps to correct it then you have sufficient grounds to find the defendant negligent."

The jury returned a verdict in favor of the plaintiff on the issue of negligence but rejected the claim of unseaworthiness. Defendant then moved to set the verdict aside pursuant to Rule 50(b), Federal Rules of Civil Procedure, which provides:

"Whenever a motion for a directed verdict made at the close of all evidence is denied . . . the court is deemed to have submitted the action to the jury subject to a later determination of the legal questions raised by the motion. Not later than 10 days after entry of judgment, a party who has moved for a directed verdict may move to have the verdict and any judgment entered thereon set aside and to have judgment entered in accordance with his motion for a directed verdict."

■■ There was no testimony that oil was on the ship's ladder from which plaintiff fell. All witnesses testified, including plaintiff, of not seeing oil on the ladder either before or after plaintiff fell. Plaintiff did testify, however, that after his fall he discovered oil on his chest and arm. But such testimony does not suffice to warrant a finding that there was an accumulation of oil on the ladder in question, and that defendant had or should have had notice of its presence. Both elements of such a finding would have to be affirmatively established to make out a case of negligence on defendant's part. See Daniels v. Pacific-Atlantic S.S. Co., 120 F.Supp. 96 (E.D.N.Y.1954) and cases cited therein.

In Wiseman v. Sinclair Refining Co., 290 F.2d 818 (2d Cir. 1961), it was held that in the absence of testimony establishing the presence of oil on a step from which plaintiff fell, except for plaintiff's statement that after the fall he found oil on his shoe, a finding of liability against the shipowner was unwarranted. Here plaintiff's case is even weaker. Plaintiff's testimony was merely that after the accident he noticed oil on his arm and chest.

There was testimony that the dredge did not have wipers or cleaners as regular members of the crew, but at the time of the accident a day shift of local workers was employed as wipers or cleaners. There was no evidence as to the frequency with which a regular crew of wipers or cleaners might have performed

their work in contrast to a day shift of local laborers. The unstated inference was that as part of the regular crew wipers or cleaners would work around the clock. There was no actual evidence to this effect; indeed whatever evidence there is, is to the contrary.

Mr. William Spear, chief engineer at the time, testified as follows on cross examination:

Q. "Among the shore personnel that [sic] were hired down there, Mr. Spear, did that include any day workers that come aboard and assist in the cleaning up down in the engine room, chipping, cleaning?

A. "I tried to carry a couple of wipers and the rest of the men—it has always been the company policy to try to carry a couple of wipers.

Q. "As part of the permanent crew?

A. "Yes, they would be day men the two wipers."

The matter was not pursued further by either party. In any event the inference that regular crew member wipers would work around the clock, if that was the inference, is specifically rejected by Mr. Spear. Moreover, there is no testimony that the local day shift crew did not perform its cleaning function properly or that a regular crew of wipers or cleaners would have done a superior or more thorough job. There is no basis whatsoever in this record for finding that defendant failed to exercise reasonable care to keep the ladder in question clean and free of an accumulation of oil.

Plaintiff's reliance on Rogers v. Missouri Pacific R. Co., 352 U.S. 500, 77 S. Ct. 443, 1 L.Ed.2d 493 (1967) is misconceived. As the Second Circuit noted in Traupman v. American Dredging Company, 470 F.2d 736 (1972), the *Rogers* case involves the role of the jury in determining the connection between an admittedly negligent act and the plaintiff's injury and—

"cannot be read to give a jury the same latitude in determining whether the act complained of was negligently performed in the first place."

Accordingly, the verdict is set aside and judgment entered for the defendant on the ground that "the evidence is so strongly and overwhelmingly in favor of the movant that reasonable and fair minded men in the exercise of impartial judgment could not arrive at a verdict against him." Armstrong v. Commerce Tankers Corp., 423 F.2d 957, at 959 (2d Cir. 1970).

So ordered.