**Whitford A. RICE, Plaintiff-Appellant,**

**v.**

**ATLANTIC GULF & PACIFIC CO.,
Defendant-Appellee.**

**No. 8, Docket 73–1151.**

United States Court of Appeals,
Second Circuit.

Argued Sept. 24, 1973.

Decided Oct. 9, 1973.

Lester E. Fetell, Brooklyn, N. Y. (Sergi & Fetell, Brooklyn, N. Y., of counsel), for plaintiff-appellant.

Roger P. McTiernan, New York City (Barry, McTiernan, Treanor & Moore, New York City, of counsel), for defendant-appellee.

Before KAUFMAN, Chief Judge, and MOORE and MANSFIELD, Circuit Judges.

MANSFIELD, Circuit Judge:

In this action by a seaman, Whitford A. Rice, against a dredge owner, Atlantic Gulf & Pacific Co. ("Atlantic"), for personal injuries allegedly caused by defendant's negligence and by unseaworthiness of the dredge, the jury, without making any finding on the issue of unseaworthiness, found that the accident was caused by Atlantic's negligence and awarded Rice $75,000. Thereafter defendant's motion for judgment n.o.v. was granted by Judge Carter, who set aside the verdict, dismissed the complaint (including the claim of unseaworthiness) and entered judgment for the defendant, D.C., 59 F.R.D. 280, from which Rice appeals. We affirm the judgment insofar as it dismissed the negligence claim. The dismissal of the unseaworthiness claim, however, is reversed and the case is remanded for a new trial of that issue.

Rice, who was employed by defendant as a fireman, was injured when, on June 26, 1967, he slipped and fell from a metal stairway leading up from the fire room to the main deck of Atlantic's dredge, the Barlow. His complaint, as supplemented by his pretrial memorandum, alleged that as a result of "the slipperiness and oiliness of the aforesaid metal stairway and the lifting or lurching of the vessel, plaintiff was caused to slip and fall, sustaining the injuries sued for herein, all by reason of the negligence of the defendant, its agents, servants and/or employees, the shipowner's failure to provide plaintiff with a reasonably safe place in which to work, and by reason of the unseaworthiness of the vessel, its gear and appurtenances."

At trial Rice testified that while he had not seen grease or oily substance on the stairway immediately before his fall or when he had used the stairway within an hour before the accident, he found oil on his shirt and right arm after his fall, which had not been there before. The

Chief Engineer on the Barlow, James N. Spear, testified that there was "a certain amount of atomization of oil" in the Barlow's fire room, which frequently left a film "about" and that the defendant employed as part of the ship's permanent crew two wipers whose duties included cleaning off the film from equipment in the area, including the ladder in question. Rice also testified that it was part of his duty as a fireman to clean up any accumulation of grease or oil observed by him on a stair or deck of the fire room.

After both sides had rested Judge Carter denied motions by each for a directed verdict and submitted to the jury the issues of whether the accident had been caused by negligence or unseaworthiness. The jury foreman announced the verdict in Rice's favor on the issue of negligence but made no reference whatsoever to the·issue of unseaworthiness. From Judge Carter's order setting aside the jury's verdict on grounds of insufficient evidence and granting judgment n.o.v. Rice appeals.

### Negligence

 We agree with the district court that the evidence was insufficient to support the jury's verdict that the accident was caused by negligence on the part of Atlantic. To find negligence the jury was required to find both that the alleged unsafe condition (oil on the ladder) existed and that Atlantic had notice of it (scienter). See, e.g., Poignant v. United States, 225 F.2d 595, 596 (2d Cir. 1955). Aside from Spear's testimony (elicited during presentation of the defendant's case) concerning oil atomization, which was by itself insufficient, there was no evidence at trial tending to show actual or constructive notice. For instance, there was no testimony that an agent of Atlantic had actually seen an accumulation of oil or grease on the ladder prior to Rice's fall,[1] and no circum-

stantial evidence from which such observation might have been inferred. Furthermore, assuming there was such an accumulation of oil or grease on the ladder, there was no evidence regarding its size, its visibility, or the length of time it had been there. In the absence of such evidence the jury could not reasonably find actual or constructive notice. Cf. Daniels v. Pacific-Atlantic S.S. Co., 120 F.Supp. 96 (E.D.N.Y.1954) (directed verdict); Milin v. United States Lines, Inc., 31 N.Y.2d 336, 338 N.Y.S.2d 905, 291 N.E.2d 144 (1972) (directed verdict).

### Unseaworthiness

In his opinion granting Atlantic's motion for judgment n.o.v. Judge Carter interpreted the jury's express finding of negligence as an implied rejection of the claim of unseaworthiness. We disagree. Indeed, since both claims rested upon the same alleged unsafe condition (oil or grease on the stairway), we might be justified in inferring (as Rice argues) that the jury must have found that a condition amounting to unseaworthiness had existed before it ·could ·find negligence. Cf. Spano v. N. V. Koninklijke Rotterdamsche Lloyd, 472 F. 2d 33, 35 n. 1 (2d Cir. 1973) ("It is hard to imagine . . . how an owner could be negligent, if the ship was not unseaworthy"). However, we consider such logic to be inappropriate in the context of this case. The very fact that the jury found negligence in the absence of any supporting evidence of knowledge or notice of the alleged unsafe condition raises serious doubts as to whether, if it had carefully applied governing legal principles, it would have found unseaworthiness. Under the circumstances we should not, in the absence of an ex·press finding by the jury, speculate as to what it might have found.

The district court, relying principally on Wiseman v. Sinclair Refining Co.,

---

1. One witness, Mr. Rash, Watch Engineer on the Barlow, stated that while he had been up and down the ladder on numerous occa-

sions on the date of the accident, "at no time did he look to see whether there was any oil on [the] step."

290 F.2d 818 (2d Cir.), cert. denied, 368 U.S. 837, 82 S.Ct. 63, 7 L.Ed.2d 37 (1961), held as a matter of law that, regardless of the absence of a specific jury finding, the evidence was insufficient to establish the presence of oil on the stairway. Here again we find ourselves in disagreement. Concededly the proof of unseaworthiness was slim. However, it exceeded that found insufficient in *Wiseman*, where the only evidence to support the finding of grease on the vessel's ladder was plaintiff's testimony that he saw grease on his shoe after his fall. Here, Rice testified that immediately after his fall he discovered oil on his arm and shirt that had not been there before. In addition, there was Spear's testimony that frequently there was a film of oil "about" the Barlow's fire room which required continuous wiping of the stairway from which Rice fell. There was, therefore, a basis independent of the testimony by Rice from which the jury could infer the presence of oil on the steps. We must keep in mind the liberal attitude displayed toward unseaworthiness claims such as the present one, compare Waldron v. Moore-McCormack Lines, 386 U.S. 724, 87 S.Ct. 1410, 18 L.Ed.2d 482 (1967), and Gutierrez v. Waterman Steamship Corp., 373 U.S. 206, 88 S.Ct. 1185, 10 L.Ed.2d 297 (1963), with Candiano v. Moore-McCormack Lines, Inc., 382 F.2d 961 (2d Cir. 1967), which are closely analogous to claims under the Federal Employers Liability Act, 45 U.S.C. §§ 51–60, where special deference has been accorded to jury findings. See Bagalay, Directed Verdicts and the Right to Trial by Jury in the Federal Courts, 42 Tex. L.Rev. 1053, 1064–69 (1964).

■ Our decision must not be construed as a holding that every case where a seaman claims injuries as the result of slipping on oil or grease must as a matter of law be submitted to the jury. In the operation of a ship of the type here involved a certain amount of oily film normally accumulates on decks and stairs. The mere existence of such a film does not necessarily constitute unseaworthiness. A seaman is not entitled to a deck or ladder that is free of all oil or grease. Unseaworthiness exists only when the oil or grease creates such a condition of slipperiness that the deck or stairway is no longer reasonably fit for its intended use by the crew. Colon v. Trinidad Corporation, 188 F. Supp. 97 (S.D.N.Y.1960); Borgersen v. Skibs, 156 F.Supp. 282 (E.D.N.Y.1957).

■ Since we thus find ourselves forced to remand the case for a new trial of the unseaworthiness claim, with consequent loss of valuable time and resources of the court, it becomes important to examine the procedure followed by the trial court here so that such waste will be avoided in the future. The mistake made by court and by counsel in this case lay in not obtaining a specific finding from the jury on the issue of unseaworthiness after it had limited its verdict to the issue of negligence. This could have been achieved simply by directing the jury to return for further deliberation and a finding on seaworthiness. In order to avoid recurrence of the unfortunate history of this case, the district court would do well to consider the practice followed by some district judges of obtaining from the jury specific findings as to unseaworthiness and negligence in each case where both are alleged.

The judgment of the district court is affirmed as to the claim of negligence and reversed as to the claim of unseaworthiness. The case is remanded for a new trial of the latter claim.