Darrel George PERRY,
Plaintiff-Appellee,

v.

MORGAN GUARANTY TRUST
COMPANY OF NEW YORK
et al., Defendants,

Hendy International Company,
Defendant-Appellant.

No. 74-3023.

United States Court of Appeals,
Fifth Circuit.

March 22, 1976.

Rehearing Denied May 20, 1976.

Fred E. Salley, Donald L. King, New Orleans, La., for defendant-appellant.

Dan C. Garner, Kenneth M. Henke, New Orleans, La., for plaintiff-appellee.

Before WISDOM, COLEMAN and GEE, Circuit Judges.

COLEMAN, Circuit Judge.

Darrel G. Perry, a seaman, sued the tanker owner, Hendy International Company (Hendy), for personal injuries sustained by slipping on grease left on

stairs, charging both negligence and un-seaworthiness. The jury found the ship to have been seaworthy but agreed that Hendy had been negligent. It awarded damages in the sum of $50,000. The shipowner appeals. There being no evidence to support the verdict, we reverse.

At the time of the accident, Perry was fifty-two years old, employed as a seaman-wiper aboard the S/S ALASKAN. In May of 1973 the vessel was taking on stores and cargo in Texas City, Texas. Perry and Joseph Cerniglia, another seaman, were assigned to carry five gallon buckets of grease from the main deck to a storage area below. Each man would carry a single 35–40 pound bucket down a twenty step interior metal stairway and thence to a storage compartment. The stairs were well lighted, in new condition, and seldom used.

At 4 o'clock, P.M. the men knocked off for the evening meal. Perry testified that there was no grease on the steps when he went to supper.

After supper, the men resumed their work. Upon his return Perry saw no grease on the stairs [App. 254, 277]. When Cerniglia made his first trip down after supper he saw nothing on the stair steps [App. 213–215]. Nevertheless, on his first trip, carrying a bucket of grease, Perry slipped and fell to the bottom of the stairway, suffering a knee injury and a hernia. In the fall, Perry's grease bucket burst, splattering grease over the lower half of the stairway.

Cerniglia was standing just outside the door or hatch at the top of the stairs and did not witness the fall, but upon hearing the clatter he peered in and saw Perry at the bottom of the stairway, rubbing his leg. He helped Perry back up to the main deck and returned to clean up the grease. He testified that he saw oil in the center of the middle three steps [App. 217–218], but that he did not notice any slip marks in it [App. 220]. He stated that the grease he saw was above the heavy deposit on the steps where the bucket burst [App. 207–208]. Perry testified that he did not know what had caused him to slip until he came back up and saw "gray-looking grease" [App. 265] on the fifth or sixth step, with his footprint in it [App. 271]. Perry says that in allowing such a dangerous condition to exist Hendy breached its duty of due care.

■ Under familiar principles of negligence, in Jones Act cases, there must be some evidence from which a jury can infer that the unsafe condition existed and that the owner either knew or, in the exercise of due care, should have known of it. Neither Perry nor Cerniglia saw grease on the stairs before they went to supper. They saw none when they returned. Yet, Perry testified that he slipped on such grease on his first trip downstairs. Assuming that he did, there is absolutely no evidence to show how the grease got there, how long it had been there, or that there had been time enough for the shipowner, in the exercise of due care, to have learned of it and corrected the situation.

"Defects which would not have been known to a reasonably prudent person at the outset, or arose after use and which a reasonably prudent person ought not to have discovered would impose no liability", *Cox v. Esso Shipping Company,* 5 Cir., 1957, 247 F.2d 629, 637.

■ In FELA cases the standard for determining whether the plaintiff's evidence is sufficient to go to the jury is whether, viewing the evidence in the light most favorable to the plaintiff, "there is a complete absence of probative facts to support the conclusion reached", *Lavender v. Kurn,* 327 U.S. 645, 653, 66 S.Ct. 740, 744, 90 L.Ed. 916 (1946). *See Ferguson v. Moore-McCormack Lines, Inc.,* 352 U.S. 521, 523, 77 S.Ct. 457, 458, 1 L.Ed.2d 511, 513 (1957), applying the FELA standard of *Rogers v. Missouri Pacific Railraod,* 352 U.S. 500, 77 S.Ct. 443, 1 L.Ed.2d 493 (1957), to Jones Act cases.

Policy considerations have led to the adoption of a somewhat paternalistic attitude toward seamen, with a correlative lowering of the quantum of evidence required to support a jury verdict for such a plaintiff than is required for common

law actions for negligence, *Spinks v. Chevron Oil Company,* 5 Cir., 1975, 507 F.2d 216, 223; *Sanford Brothers Boats, Inc. v. Vidrine,* 5 Cir., 1969, 412 F.2d 958, 962–965.

■ That only the slightest negligence need be shown to uphold the award of damages in such cases does not mean, however, that the seaman may prevail on no evidence at all.

As in *Rice v. Atlantic Gulf & Pacific Company,* 2 Cir., 1973, 484 F.2d 1318, a case very similar to this one Perry ad- duced no evidence that in the exercise of reasonable care the shipowner had either the time or the opportunity to acquire knowledge of, or to correct, the danger- ous condition, assuming, as testified by Perry, that it existed.

The motion of the defendant for a di- rected verdict should have been granted.

The judgment of the District Court is reversed and the case remanded to the District Court with directions to dismiss the complaint.

Reversed and remanded, with di- rections.