PER CURIAM.
This is an appeal by the plaintiff Donna Thornton from an adverse final summary judgment in an action for Jones Act negligence, 46 U.S.C.App. § 688 (1985), against her employer, the defendant Steiner Products, Ltd. The plaintiff was employed as a hairdresser aboard the TSS Mardi Gras, a cruise ship owned by Carnival Cruise Lines, Inc.; she worked under a manager and with four other hairstylists employed by the defendant. The action arises from a slip-and-fall accident in which the plaintiff sustained injuries while en route to the ship hospital for an examination; the accident occurred on a slippery deck maintained by the cruise ship and outside the confines of the beauty salon where the plaintiff worked.
We affirm the final summary judgment under review because, simply stated, the defendant was, as a matter of law, not guilty of any negligence in the accident sued upon. The defendant had no duty to maintain the deck on which the plaintiff slipped and was injured; the deck was controlled and maintained entirely by the cruise ship. In this respect, we do not agree with the plaintiff that the defendant’s duty to maintain a safe workplace for the plaintiff extended to the deck where the plaintiff was injured; accordingly, the cruise line’s negligence in maintaining the deck cannot, as urged, be imputed to the defendant. Cortes v. Baltimore Insular Line, 287 U.S. 367, 53 S.Ct. 173, 77 L.Ed. 368 (1932); Marvin v. Central Gulf Lines, Inc., 554 F.2d 1295 (5th Cir.1977), cert. denied, 434 U.S. 1035, 98 S.Ct. 769, 54 L.Ed.2d 782 (1978); Perry v. Morgan Guar. Trust Co. of N.Y., 528 F.2d 1378 (5th Cir.1976); Rice v. Atlantic Gulf & Pac. Co., 484 F.2d 1318 (2d Cir.1973); Mah- *509 ramas v. American Export Isbrandtsen Lines, Inc., 475 F.2d 165 (2d Cir.1973); Castro v. Moore-McCormack Lines, Inc., 325 F.2d 72 (2d Cir.1963).
Affirmed.