620 A.2d 1

**Dennis CANTY, Appellant,**

v.

**SUN TRANSPORT, INC.**

Superior Court of Pennsylvania.

Argued Aug. 25, 1992.

Filed Dec. 29, 1992.

Reargument Denied Feb. 25, 1993.

608

Sidney J. Smolinsky, Philadelphia, for appellant.

Lorraine B. Consorte, Philadelphia, for appellee.

Before BECK, JOHNSON and HOFFMAN, JJ.

BECK, Judge.

The issue in this maritime case is whether appellant made out a prima facie case that appellee-shipowner was negligent under the Jones Act, 46 U.S.C.App. § 688, or that appellee's vessel was unseaworthy under general maritime common law. The trial court granted appellee's motion for a nonsuit. We affirm.

Plaintiff-appellant Dennis Canty sued appellee for personal injuries he suffered while employed aboard appellee's vessel. At trial, the only liability evidence presented by appellant was his own testimony. He was employed as an automotive oiler on board appellee's ship New York Sun. Appellant was instructed by his supervisor to paint a large fixed piece of equipment known as a sludge pump, located in the lower engine room of the ship. Appellant testified that he was familiar with the pump, which was located next to a bulkhead, or wall. He had previously completed a painting assignment, and already had a paint brush. Therefore, he stated that "all [I] had to get was" the paint.[1] He went to the ship's paint locker, got the paint, and began to paint the pump.

[1] On direct examination, Mr. Canty's lawyer elicited the following information:

When he finished with the front of the pump, he began to paint the back of it. The back of the pump was located next to the ship's bulkhead and was surrounded by pipes running to it. Appellant testified that in order to reach this part of the pump, he had to "stretch and [he] had to reach and twist all at the same time." N.T. 6/20/90, 37. Appellant testified that he then felt a "pop or a snap like in the lower part, middle part of [his] back." N.T. 6/20/90, 38. He was later diagnosed as having back sprain or strain.

Appellant testified that in previous shipboard painting assignments he had used a "manhelper"—an extension pole to which he could clamp a paint brush—in order more easily to paint remote areas. Appellant did not use a manhelper while painting the sludge pump, although he testified that such a tool would have made his painting job easier. Appellant did not present evidence that there were no manhelpers on board the New York Sun at the time of this incident.

After appellant testified, appellee moved for a nonsuit, which motion was granted. Appellant filed a motion for post-trial relief for removal of nonsuit, which was denied. This timely appeal followed.

 A judgment of nonsuit may be entered only in clear cases and the appellant must be afforded the benefit of every fact and reasonable inference arising from the evidence. *McNally v. Liebowitz*, 498 Pa. 163, 445 A.2d 716 (1982); *Forry*

---

Q. Did Mr. Craig [appellant's supervisor] ever tell you what type of equipment to use to paint the pump?
A. No.
Q. Did he give you any equipment to paint the pump when he gave you that order?
A. No.
Q. Mr. Canty, how did you get the equipment if it was not supplied to you or assigned to you by Mr. Craig?
A. He just told me he wants the pump painted and before that particular job, I was given a paint brush for another job which I already had the paint brush. So I used the paint brush that I already had to paint the pump.
Q. So all you had to get was what?
A. Just the paint.
Q. Where did you get that from?
A. Paint locker.
N.T. 6/20/90, 36–37.

*v. Gulf Oil Corp.,* 428 Pa. 334, 237 A.2d 593 (1968). Nonsuit is proper where the facts are so clear that reasonable people could not differ as to the finality of their evidentiary import. *Francis v. Henry,* 399 Pa. 369, 160 A.2d 455 (1960); *Gaines v. Philadelphia Trans. Co.,* 359 Pa. 610, 59 A.2d 916 (1948). Because we agree with the trial court that appellant did not present evidence sufficient to make out a prima facie liability case, we affirm.

Appellant brought this action seeking recovery for his injuries under two theories: 1) unseaworthiness under the general maritime common law and 2) negligence under the Jones Act. Each of appellant's theories of recovery provides a broader basis for recovery than traditional negligence law.

■ Under maritime common law a shipowner is strictly liable for failing to furnish a "seaworthy" ship. Liability for failing to provide a seaworthy ship arises independently of any duty to exercise reasonable care. *See Seas Shipping Co. v. Sieracki,* 328 U.S. 85, 66 S.Ct. 872, 90 L.Ed. 1099 (1946); *Mahnich v. Southern S.S. Co.,* 321 U.S. 96, 64 S.Ct. 455, 88 L.Ed. 561 (1944); *Klineburger v. Maritrans,* 404 Pa.Super. 490, 591 A.2d 314, 316 (1991), *app. den.,* 529 Pa. 635, 600 A.2d 954 (1991), *cert. den.,* —— U.S. ——, 112 S.Ct. 1762, 118 L.Ed.2d 425 (1992).

"Seaworthiness" is another of those terms in the law which by

> reason of its appearance in different contexts has developed an elusiveness making impossible an omnisufficient definition.... It is said that "[t]he concept of seaworthiness contemplates no more than that a ship's gear shall be reasonably fit for its intended purpose." Yet examination of a great many personal injury cases in which claims of unseaworthiness were presented leads to the conclusion that those cases are of two categories, both of which fit this general definition. One is where the shipowner, having knowledge—actual or constructive—that certain activity will occur, is imposed with an absolute duty of supplying equipment for permitting the conduct and accomplishment in reasonable safety of that activity.... The other category is

where the equipment actually supplied by the owner for doing the ship's work proves incapable of performing its function in the manner for which it was designed.

*Mesle v. Kea Steamship Corp.*, 260 F.2d 747, 750–51 (3d Cir.1958), *cert. den.*, 359 U.S. 966, 79 S.Ct. 875, 3 L.Ed.2d 834 (1959) (footnotes omitted).

■ In order for the shipowner to be strictly liable, appellant must prove that the ship was not seaworthy. Thus, if the shipowner failed to supply equipment for a crew member to do a job with reasonable safety, then the shipowner may be strictly liable because the ship is then considered unseaworthy. *See e.g., Mahnich, supra; Seas Shipping, supra; Mesle, supra.*

■ The question in the instant case is whether the court erred in granting a nonsuit because the court concluded that appellant had not made out a prima facie case of unseaworthiness; i.e., that appellee-shipowner failed to provide the equipment necessary for appellant to do his job with reasonable safety. We find no error. In order to make a prima facie case it was necessary for appellant to present evidence that the equipment necessary for him to do the paint job with reasonable safety was not available. All appellant showed was that he did not use a manhelper, not that one was unavailable. He did not provide any evidence that appellee had breached his duty by failing to provide the equipment with which he could do his job with reasonable safety. There was no evidence that he looked for and did not find a manhelper or that one was unavailable. From the evidence presented at trial, a jury could not conclude that the ship was unseaworthy.

We are not persuaded by appellant's argument and refuse appellant's invitation to read into the law the requirement that the appellee had a duty physically to place a manhelper into appellant's hands even though appellant was familiar with the equipment and had used such equipment before. We conclude the ship was not unseaworthy.

None of the cases cited by appellant are apposite. None of them addresses the question of whether the issue of unseawor-

thiness should be submitted to the jury where plaintiff failed to show that equipment necessary for him to do the job with reasonable safety was not available. *See e.g., Mahnich supra; Mitchell v. Trawler Racer, Inc.,* 362 U.S. 539, 80 S.Ct. 926, 4 L.Ed.2d 941 (1960); *Boudoin v. Lykes Bros. S.S. Co.,* 348 U.S. 336, 75 S.Ct. 382, 99 L.Ed. 354 (1955); *Waldron v. McCormick Lines, Inc.,* 386 U.S. 724, 87 S.Ct. 1410, 18 L.Ed.2d 482 (1967). *See also Richards v. Dravo Corp.,* 249 Pa.Super. 47, 375 A.2d 750 (1977).

■ Alternatively, appellant argues that The Jones Act makes available to seamen injured in the course of their employment a right of recovery for injuries resulting from the shipowner's negligence.[2] *Klineburger, supra.* The Jones Act permits an injured seaman to recover for injuries on a theory of negligence which is different from and in addition to the strict liability theory established under the doctrine of unseaworthiness. *Id.*

■ The requirements for recovery under the Jones Act are less stringent than under common law tort liability. Under the Jones Act the plaintiff does not have to prove proximate cause. The causation factor is more attenuated and liability will attach if the proofs justify an inference that the employer's negligence was even a slight causative factor in producing the injury. *See Rogers v. Missouri Pacific Railway Co.,* 352 U.S. 500, 77 S.Ct. 443, 1 L.Ed.2d 493 (1957).

**2.** The Jones Act provides in pertinent part:

> Any seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law, with the right of trial by jury, and in such action all statutes of the United States modifying or extending the common-law right or remedy in cases of personal injury to railway employees shall apply
> . . .

46 U.S.C.App. § 688(a). The Jones Act is read together with the Federal Employers' Liability Act which provides, in relevant part, as follows:

> Every common carrier by railroad while engaging in commerce . . . shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce . . . for such injury . . . *resulting in whole or in part* from the negligence of any of the officers, agents, or employees of such carrier. . . .

45 U.S.C. § 51 (emphasis added).

However, this does not mean that a plaintiff "may prevail on no evidence at all." *Perry v. Morgan Guaranty Trust Co.*, 528 F.2d 1378, 1380 (1976) (directed verdict for defendant was proper where there was complete absence of probative facts to support award in favor of plaintiff). *Cf. Mascola v. Pacific Coast Transport Co.*, 421 F.2d 1281 (2d Cir.1970) (directed verdict for defendant improper where there was evidence of employer negligence).

Here, appellant failed to make out even a prima facie case of Jones Act negligence against appellee.[3] In traditional tort analysis, the first inquiry is whether the defendant had a duty to the plaintiff. If she had a duty and breached that duty then the next question is whether the breach was the proximate cause of plaintiff's injury. In a Jones Act case, we follow the traditional tort analysis except for the causation factor. Under the Jones Act, if the breach of duty even minimally caused the injury, then the plaintiff is entitled to recover. However, in the absence of a showing that defendant owed plaintiff a duty and breached that duty, the issue of causation is not reached.

In the instant case, it would be improper for us to reach the question of causation because appellant, as we noted, present-

3. Each of the cases cited by appellant in support of his negligence claim can be distinguished from this one; each case includes some evidence of the breach of a duty on the part of the shipowner. *See, e.g., Ferguson v. Moore–McCormack Lines, Inc.*, 352 U.S. 521, 77 S.Ct. 457, 1 L.Ed.2d 511 (1957) (ship's baker injured his hand when he tried removing hardened ice cream from a container with a butcher knife; the ship's crew had not removed the ice cream from the deep freeze in time to properly serve it with an ice cream scoop and the refrigeration system may have malfunctioned); *Michalic v. Cleveland Tankers, Inc.*, 364 U.S. 325, 81 S.Ct. 6, 5 L.Ed.2d 20 (1960) (plaintiff was provided with defective wrench, and evidence of employer negligence was sufficient to overcome directed verdict); *Rogers v. Missouri P.R. Co.*, 352 U.S. 500, 77 S.Ct. 443, 1 L.Ed.2d 493 (1957) (loose gravel on employer's property which contributed to plaintiff's fall was evidence of negligence); *Lavender v. Kurn*, 327 U.S. 645, 66 S.Ct. 740, 90 L.Ed. 916 (1946) (hook hanging from rail car provided evidence of negligence which may have caused decedent's injuries).

*See also Richards v. Dravo Corp., supra* (employer's negligence was established through proof of cramped working area and broken hoist, which required plaintiff to lift 80–90 pound crushing hammers by hand).

ed no evidence that appellee breached its duty. A breach might have occurred if it was shown that the necessary equipment, a manhelper, was not available. Appellant presented no evidence that a manhelper was unavailable. Finding no evidence of a breach, we conclude appellant is not entitled to recover under the Jones Act, and that entry of nonsuit was proper.

Order affirmed.