460 A.2d 288

**Edward J. WILK, Sr., Administrator of the Estate of Edward J. Wilk, Jr., Deceased, Appellant,**

**v.**

**Robert S.S. HAUS, Sr. and Mary R. Haus, His wife and A.H. Casey, and Walter Thomas and Walter C. Thomas, Jr., I/A/T/D/B/A Thomas Remodeling.**

Superior Court of Pennsylvania.

Submitted June 17, 1982.

Filed April 22, 1983.

480

Brosky, J., concurred and filed opinion.

Michael J. Seymour, Pittsburgh, for appellant.

Richard L. Rosenzweig, Pittsburgh, for Haus, appellees.

Elmer G. Klaber, Pittsburgh, for Thomas, appellees.

Before BROSKY, JOHNSON and MONTGOMERY, JJ.

MONTGOMERY, Judge:

The instant appeal by the Plaintiff-Appellant arises following the lower court's granting of a motion for summary judgment which was filed by the Defendant-Appellees Robert S.S. Haus, Sr., his wife Mary R. Haus, and A.H. Casey.[1] The Appellant contends that the lower court erred in granting summary judgment, because the record allegedly established the existence of material facts which precluded the entry of such a judgment. Moreover, the Appellant maintains the record was devoid of facts entitling the Appellees to summary judgment as a matter of law.

Our review in this case must be conducted in light of Pennsylvania Rule of Civil Procedure 1035, which governs summary judgments. It provides, in pertinent parts:

(a) After the pleadings are closed, but within such time as not to delay trial, any party may move for summary judgment on the pleadings and any depositions, answers to interrogatories, admissions on file and supporting affidavits.

(b) The adverse party, prior to the day of hearing, may serve opposing affidavits. The judgment sought shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issues of liability alone although there is a genuine issue as to the amount of damages.

In *Schacter v. Albert*, 212 Pa.Super. 58, 61–2, 239 A.2d 841, 843 (1968), this Court thoroughly explained the proper

1. Robert S.S. Haus, Sr. was removed as a party to this action by a stipulation of the parties and an order of the lower court. However, his wife, Mary R. Haus, is still involved in this litigation as an Appellee on this appeal.

approach to be taken with regard to a request for summary judgment:

"The language of Rule 1035, adopted in 1966, was taken verbatim from Federal Rule of Civil Procedure 56(c). Interpretation of the scope of Rule 1035 can be aided by reference to the cases decided under the Federal rule, which establish the following criteria. On motion for summary judgment the Court must consider the entire setting of the case and all the papers that are included in the record ... One who moves for summary judgment has the burden of demonstrating clearly that there is no genuine issue as to any material fact ... The Court must consider both the record actually presented and the record potentially possible at the time of trial.... A hearing on a motion for summary judgment is not a trial on the merits, and the Court on such motion should not attempt to resolve conflicting contentions of fact ... The court is to accept as true all well pleaded facts in the plaintiff's pleadings, as well as the admissions on file, giving to the plaintiff the benefit of all reasonable inferences to be drawn therefrom ... The record must be examined in the light most favorable to the nonmoving party.... In passing upon a motion for summary judgment it is no part of the court's function to decide issues of fact but solely to determine whether there is an issue of fact to be tried. All doubts as to the existence of a genuine issue as to a material fact must be resolved against the party moving for summary judgment.... A party should not be deprived of an adequate opportunity to fully develop (sic) his case by witnesses and a trial, when the issues involved make such procedure the appropriate one.... It is often the case that although the basic facts are not in dispute, the parties in good faith may nevertheless disagree about the inferences to be drawn from these facts, what the intention of the parties was as shown by the facts ... Under such circumstances the case is not one to be decided by the Trial Judge on a motion for summary judgment." (citations omitted)

We examine the record with these concepts in mind. It shows that this trespass action was filed in July, 1981, seeking a recovery from the Defendants under the wrongful death and survival statutes. After expected prefatory paragraphs including those identifying the parties, the Complaint, in the first count, alleged that the Plaintiff's decedent was killed in July, 1979 when scaffolding on which he stood collapsed, causing him to fall and suffer injuries which caused his death two days later. At the time of this accident, it was asserted, the decedent was at work as a roofer on a residence in Mt. Lebanon, Pennsylvania. The Plaintiff next stated that the residence was owned, leased, operated, maintained, controlled and supervised by the Defendants Haus and Casey, their agents, servants and employees, and that the roofing work was being performed and supervised by the same defendants, their agents, servants, employees and contractors. Next, the Plaintiff asserted that the death of the decedent resulted from the negligence of Defendants Haus and Casey, whose lack of due care was purported to have occurred in the following particulars:

(a) In employing in the operation, management, control, maintenance and supervision of said premises agents, servants, employees and contractors who were negligent, careless and reckless in the performance of their duties assigned to them and so known by the Defendants to be on and for a long period of time prior to July 21, 1979;

(b) In causing and allowing the aforementioned premises and site to have erected thereon scaffolding in such a dangerous and defective manner so as to constitute a danger and trap the life and limbs of Edward J. Wilk, Jr., Plaintiff's Decedent herein;

(c) In causing and allowing the aforementioned dangerous scaffolding to be and remain in such a dangerous condition, all of which the Defendants knew or in the exercise of ordinary and prudent care should have known, on and for a long period of time prior to July 21, 1979;

484

(d) In failing to furnish Edward J. Wilk, Jr., Plaintiff's decedent a safe place to work;

(e) In failing to secure or otherwise prevent the scaffolding from collapsing, all of which was known or should have been known by the Defendants herein;

(f) In causing and allowing Edward J. Wilk, Jr., Plaintiff's decedent herein to work on the aforementioned property and site when the Defendants knew or in the exercise of ordinary and prudent care should and ought to have known that the aforementioned scaffolding would collapse causing the serious injuries and subsequent death;

(g) In failing to give Edward J. Wilk, Jr., Plaintiff's decedent herein, any notice or warning of the dangerous condition then and there existing;

(h) In failing to test or inspect the aforementioned scaffolding which the Defendants knew or should have known constituted a danger and a trap to Edward J. Wilk, Jr., Plaintiff's decedent herein;

(i) In failing to require the proper securing, proper bracing, proper spiking, proper guardrails, or proper safety belts and lanyards which the Defendants knew or should have known constituted a danger and a trap to Edward J. Wilk, Jr., Plaintiff's decedent herein;

(j) In failing to require the proper securing of the aforesaid scaffolding in accordance with the standards of the Department of Labor and Industry of the Commonwealth of Pennsylvania and of the U.S. Department of Labor;

(k) In failing to properly supervise the work as was required by the various contracts between the parties hereto and others and the laws of the Commonwealth of Pennsylvania in such cases made and provided;

(l) In violating the standards of the Department of Labor and Industry of the Commonwealth of Pennsylvania and the U.S. Department of Labor pertaining to the erection of scaffolding;

(m) In failing to properly plan, supervise, regulate and inspect the work as it was being performed;

(n) In allowing and improperly maintaining scaffolding, the existence of which they knew or should have known to continue to exist and be maintained;

(o) In failing to exercise the right to control all work procedures on a job site as is done by others under similar circumstances as was given to the Defendants;

(p) In failing to halt the work, when, in the exercise of reasonable and prudent care, the Defendants should and ought to have done so due to lack of proper safety devices and the unsafe conditions then and there existing;

(q) In failing to take such reasonable measures as were and are taken by others under similar circumstances;

(r) In failing to exercise the reasonable care that the law and circumstances then and there required;

(s) In violating the laws of the Commonwealth of Pennsylvania in such cases made and provided; and

(t) In otherwise being negligent.

(u) In violating § 413 of the Restatement of Torts 2d. All of the remaining paragraphs of Count I of the Complaint concerned damages.

Count II of the Complaint asserted negligence on the part of Walter Thomas and Walter C. Thomas, Jr., trading as Thomas Remodeling. These Defendants were not involved in the summary judgment proceedings, and the aspects of the Complaint relating to them will not be further discussed herein.

The Defendants Haus and Casey responded to the Complaint with an Answer, containing New Matter. Inter alia, they denied knowledge of the decedent's work activities, his fall from the scaffold or his death. They also responded that on the date of the alleged accident, Defendant Mary R. Haus owned the premises where the work was being performed, and that the Defendant Casey was merely the occupant of the residence. Further, the answer denied that the Defendants employed any agents, servants, or employees to act under their orders or subject to their control or in the furtherance of their business at the property on the date of the decedent's alleged fall. Rather, they asserted:

"Any repair work or roof work that was done on that date was done by Walter Thomas and Walter C. Thomas, Jr. acting as an independent contractor, not subject to any supervision or control by these pleading Defendants. These pleading Defendants specifically deny any agency relationship between themselves and Defendants Walter Thomas and Walter C. Thomas, Jr. trading as Thomas Remodeling. These pleading Defendants further specifically deny any control of the work being performed by the independent contractors Walter Thomas and Walter C. Thomas, Jr. To the contrary, Walter Thomas and Walter C. Thomas, Jr. exercised full supervision and control over all repair and roof work being performed, particularly as to the manner and method of performing and accomplishing such work."

Mr. and Mrs. Haus and A.H. Casey denied all of the specific averments of negligence alleged by Plaintiff, as set forth above, in this Opinion.

Under New Matter, the Defendants asserted that Mrs. Haus, as owner of the property, contracted with both Thomases for the repairs to the building. Further, it was alleged that neither Mr. Haus nor Casey contracted with Walter Thomas and Walter C. Thomas, Sr., and had no connection with the matter. The Defendants specifically contended, in the following numbered paragraphs:

"9. Walter Thomas and Walter C. Thomas, Jr. were hired as independent contractors to perform specified repairs. There was to be no supervision or control of the manner or method of performing these repairs by Mary R. Haus, Robert S.S. Haus, Sr. or A.H. Casey. All equipment, scaffolding, tools, and materials were to be selected and supplied by Walter Thomas and Walter C. Thomas, Jr. and the method and manner of utilizing the tools, scaffolding, and materials to accomplish the specified repairs was the sole responsibility of Walter Thomas and Walter C. Thomas, Jr. No direction, management, supervision, or control over the manner or method of

performing the work was to be done by Mary R. Haus, Robert S.S. Haus or A.H. Casey.

"10. Edward J. Wilk, Jr. was an employee of Walter Thomas and Walter C. Thomas, Jr. who were acting as independent contractors for Mary R. Haus. Mary R. Haus is immune from suit by Plaintiff pursuant to the Pennsylvania Workers' Compensation Act, 77 P.S. 51 et seq."

The Plaintiff filed a reply to the New Matter, stating he was without knowledge or information sufficient to form a belief as to the truth of the averments of the New Matter because such proof was within the exclusive control of the Defendants. In response to paragraph 9 of the New Matter, which is set forth above, the Plaintiff merely restated that the Defendants had supervision and control over the manner or method by which the Thomases performed their work. Also, Plaintiff asserted the latter were subject to the Defendants' direction, management, supervision and control.

During the period subsequent to the filing of the above-described pleadings, the Defendants Haus and Casey served interrogatories upon Plaintiff, to which the Plaintiff never responded. These Defendants also arranged for the deposition of Defendant Walter C. Thomas, Jr. on November 11, 1981, and the transcript of that deposition was, in due course thereafter filed, and became a part of the record in the lower court. The transcript had appended to its various exhibits, including copies of paychecks to the decedent, signed by both Thomases, a statement of the decedent's work history and payroll information on the stationary of Thomas Remodeling, and a bill on a Thomas Remodeling bill form, purportedly rendered to Robert and Mary Haus, detailing the work done on the property in question, together with the amount charged for same. A notation on the billing indicated payment had been made in full for the job. Also, the exhibits included various other documents from the Thomas Construction files regarding the job, some on which only the name of Mrs. Haus appears and others on

which just the designation "Haus", or "Robert & Mary Haus" appears. Further exhibits were the decedent's job application, pictures of the premises where the alleged accident occurred, and copies of Citations issued against Thomas Remodeling in 1979 by the U.S. Department of Labor, Occupational Safety and Health Administration, for various deficiencies in safety matters, including problems with scaffolding being used on the job on which the decedent was allegedly injured.

After the close of pleadings and the filing of the deposition transcript, the Defendants' Motion for Summary Judgment was filed, and was thereafter granted by the court en banc. The lower court's rationale, as is clearly explained in the opinion it filed, was that the Plaintiff failed to plead any material facts, rather than legal conclusions, to create a genuine issue for trial, as to either Mr. or Mrs. Haus or A.H. Casey.

■ We have thoroughly examined the pleadings and other matters before the lower court in this case. We conclude that the lower court was justified in its conclusions as to the Defendant A.H. Casey, but that the grant of summary judgment as to the Defendant Mary R. Haus was not proper.

First, it is apparent that there is no genuine issue of possible liability presented, under the claims asserted by the Plaintiff, as to Defendant Casey. While the Plaintiff asserted that Casey, together with Mr. and Mrs. Haus, was negligent in this case in several regards, it is clear from the record that Casey had no involvement in any way in the conduct of the job on which the decedent suffered his injuries. Casey had no role in the selection, employment, direction or control of Thomas Remodelers on the project. There is no hint that Casey was in any way involved in any relevant way in the material events in this case. Rather, all of the evidence indicates Casey merely resided in the structure owned by Mrs. Haus. The transcript of the deposition of Walter C. Thomas, Jr. makes this clear.

Mr. Thomas testified he was a partner with his father in their construction business. His testimony established that none of their dealings with regard to the remodeling to be done on the Mt. Lebanon property, within his personal knowledge, were with the Defendant Casey. He identified a couple of occupants of the building, including a dentist and apparently the Defendant Casey, but indicated that the extent of his familiarity with them was to nod or state a greeting as the occupants entered or left the premises while he worked on the remodeling. Of course, all of the exhibits indicate a contractual relationship between Mr. and Mrs. Haus and the remodelers, and Casey's name does not appear on any of those documents. We also take note that the Plaintiff presented no evidence in the lower court to even suggest a ground for possible liability as to the Defendant Casey. No deposition testimony, answers to interrogatories, admissions, or even affidavits were offered by the Appellant. We also find no suggestion in the brief filed by the Appellant on the instant appeal to suggest a possible basis for denying summary judgment as to Casey. Plaintiff's contention that such proof may be within the Defendants' control holds no weight and creates no favorable inference, especially in light of the failure by Plaintiff to seek discovery of such information prior to the granting of summary judgment in this case. Therefore, based upon the record, it is clear that summary judgment was properly granted in favor of Casey.

■ Our review leads to a different conclusion as to Mrs. Haus. After thorough consideration, we believe that the record at this early stage in the proceedings suggests issues of fact to be tried, sufficient to find that the lower court committed error in granting summary judgment in favor of Mrs. Haus. The record clearly establishes that Mrs. Haus was named as a party in an agreement with Thomas Remodeling for the work on the Mt. Lebanon structure. If we accept as true all well pleaded facts in the Plaintiff's pleadings, which we must, the Defendant Haus was negligent in the control, maintenance and supervision

of the contractor on the job and in causing or allowing unsafe scaffolding to be erected on the project, all of which contributed to the decedent's injuries and subsequent death. These matters were alleged generally and also with specificity in the Complaint. While the Appellees maintain that the record firmly establishes that both Thomases and Thomas Remodelers were independent contractors, so as to relieve Mrs. Haus from liability in these circumstances,[2] we do not find that the record, as developed at this point, establishes such a relationship beyond all doubt. Moreover, even if we concluded that the record facts compelled a conclusion that the Defendants Thomases and Thomas Remodeling were independent contractors, we could not ignore the Appellant's claims based upon the Restatement of Torts 2d.

In his Complaint, the Plaintiff specifically asserted a claim based on Restatement Section 413, which provides:

One who employs an independent contractor to do work which the employer should recognize as likely to create, during its progress, a peculiar unreasonable risk of physical harm to others unless special precautions are taken, is subject to liability for physical harm caused to them by the absence of such precautions if the employer

(a) fails to provide in the contract that the contractor shall take such precautions, or

(b) fails to exercise reasonable care to provide in some other manner for the taking of such precautions.

In addition, the Plaintiff's Complaint asserted a right to recover based upon the Defendants being otherwise negligent. On this appeal, the Plaintiff cites another section of

2. In support of their position, the Appellees contend that an owner of land is ordinarily not liable for injuries sustained by employees of independent contractors, invited on the premises to do work for the owner. They cite *Wagner v. Grannis,* 287 F.Supp. 18 (D.C.Pa.1968) for that theory. They also maintain that the employer of an independent contractor is not responsible for negligent acts or omissions of the contractor's employees, and direct us to the decision in *Gonzalez v. U.S. Steel Corp.,* 248 Pa.Super. 95, 374 A.2d 1334, affirmed 484 Pa. 277, 398 A.2d 1378 (1977). It would be inappropriate to analyze this point in view of our conclusion that no independent contractor status has been firmly established based upon the record thus far developed in this case.

the Restatement of Torts 2d which could arguably impose responsibility upon Mrs. Haus even if it were determined that the remodelers were independent contractors. Section 411 states:

An employer is subject to liability for physical harm to third persons caused by his failure to exercise reasonable care to employ a competent and careful contractor

(a) to do work which will involve a risk of physical harm unless it is skillfully and carefully done, or

(b) to perform any duty which the employer owes to third persons.

We find these contentions of the Appellant to be meritorious. These sections raise some arguable basis for further proceedings in this case against Mrs. Haus.

Of course the record as established thus far does not permit one to reach any firm conclusion as to the final merits of any claim by the Plaintiff based upon these Restatement provisions. However, in the context of a request for summary judgment, it is clear that one could not fairly decide that no material issue of fact has been created by the pleadings and other matters of record in this case, at least with respect to the Plaintiff's claims against Mrs. Haus.

The lower court's judgment in favor of the Defendant A.H. Casey is affirmed. The judgment in favor of the Defendant Mary R. Haus is vacated and this case is remanded for further proceedings. Jurisdiction is not retained.

BROSKY, J., filed a concurring opinion.

BROSKY, Judge, concurring:

I concur in the majority opinion because I believe that, although proof of his claim may be difficult, appellant is nonetheless entitled to a chance to prove his case at trial.

Although appellant's complaint was not supported by depositions, interrogatories or the like, neither, it seems, was it undeniably rejected by the deposition filed on behalf

492

of the appellees. The deponent was the son of the Mr. Thomas who contracted to do the work on the premises. Although deponent said that Mrs. Haus did not direct or supervise the work, he also made it clear that it was his father, not he, who communicated with Mrs. Haus. His deposition did not itself contain sufficient evidence on which to determine the role played by Mrs. Haus or to ascertain whether Thomas Remodeling was an independent contractor. I agree that on the record before us entry of summary judgment was premature.

However, as the majority mentions, our decision today contains no conclusion as to the ultimate resolution of the case. I note, with interest, for example, that Comment (f) to Restatement Torts 2d § 413 and Comment (c) to Section 411 both explain that in applying those sections, the extent of the employer's knowledge and experience in the field of work to be done is to be taken into account. The comments note specifically that an inexperienced widow employing a contractor to build a house is not to be expected to have the same information or exercise the same judgment as would professionals in the field.

While appellant may fail to sustain his burden of proof, appellees have at this point failed to show that there remains no genuine issue as to any material fact.