537 A.2d 367

**Frank E. PFAHLER**

v.

**CONSOLIDATED RAIL CORPORATION, Appellant,**

v.

**LINCOLN ELECTRIC RAILWAY SALES; Hobart Welding and Equipment Corporation; Hobart Brothers Company; Tri-Mark, Inc.; Chemetron Corporation; Altoona Welding Supply Company; Teledyne McKay, Subsidiary of Teledyne, Inc.; Union Carbide Corporation, Linde Division.**

Superior Court of Pennsylvania.

Argued Nov. 17, 1987.

Filed Feb. 8, 1988.

Richard C. Polley, Pittsburgh, for appellant.

Michelle H. Lally, Pittsburgh, for Pfahler, appellee.

Before WIEAND, MONTEMURO and POPOVICH, JJ.

WIEAND, Judge:

The issue in this appeal from an order denying a motion for summary judgment concerns the application of the three

year statute of limitations contained in the Federal Employer's Liability Act (FELA).

Beginning in 1976 and continuing until January, 1978, Frank E. Pfahler was employed as a mechanic, painter, and material chaser by Consolidated Rail Corp. (Conrail) at shops in Holidaysburg and Altoona. His position was that generally referred to in the trade as a burner. In this capacity, Pfahler was required to use a torch to remove old parts from railroad cars and replace them with new parts. As a result, Pfahler was required daily to inhale welding fumes and dust.

On August 15, 1983, Pfahler commenced an action against Conrail pursuant to the Federal Employer's Liability Act (FELA).[1] He alleged that as a result of his employment he had been disabled by pulmonary emphysema and chronic bronchitis. Conrail filed an answer containing new matter in which it alleged, inter alia, that Pfahler's action was barred by FELA's three year statute of limitations, as contained in 45 U.S.C.A. § 56. After discovery proceedings, including plaintiff's deposition testimony, Conrail moved for the entry of summary judgment. This motion was denied.[2] The order was subsequently amended to certify that the issue was one about which there was substantial difference of opinion and that an immediate appeal would materially advance ultimate disposition of the case. This Court, on petition, agreed to allow an immediate appeal from the trial court's interlocutory order.

In *Thorsen v. Iron and Glass Bank*, 328 Pa.Super. 135, 476 A.2d 928 (1984), we reviewed the standard applicable to motions for summary judgment and said:

A motion for summary judgment may properly be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as

1. 45 U.S.C.A. § 51 et seq.

2. The motion for summary judgment was granted with respect to claims by plaintiff against additional defendants joined by Conrail on the grounds that any claim by plaintiff against them was barred by the statute of limitations.

to any material fact and that the moving party is entitled to a judgment as a matter of law." Pa.R.C.P. 1035(b). See also: *Rybas v. Wapner*, 311 Pa.Super. 50, 54, 457 A.2d 108, 109 (1983); *Williams v. Pilgrim Life Insurance Co.*, 306 Pa.Super. 170, 172, 452 A.2d 269, 270 (1982). In passing upon a motion for summary judgment, the court must examine the record in the light most favorable to the nonmoving party. *Pocono International Raceway, Inc. v. Pocono Produce, Inc.*, 503 Pa. 80, 82–83, 468 A.2d 468, 470 (1983); *Zimmerman v. Zimmerman*, 322 Pa.Super. 121, 124–125, 469 A.2d 212, 213 (1983); *Wilk v. Haus*, 313 Pa.Super. 479, 482, 460 A.2d 288, 289–290 (1983). It is not part of the court's function to decide issues of fact but solely to determine whether there is an issue of fact to be tried. *Wilk v. Haus, supra*, 313 Pa.Superior Ct. at 482, 460 A.2d at 290; *Tom Morello Construction Co. v. Bridgeport Federal Savings & Loan Association*, 280 Pa.Super. 329, 334, 421 A.2d 747, 750 (1980). Any doubt must be resolved against the moving party. *Chorba v. Davlisa Enterprises, Inc.*, 303 Pa.Super. 497, 500, 450 A.2d 36, 38 (1982); *First Pennsylvania Bank, N.A. v. Triester*, 251 Pa.Super. 372, 378, 380 A.2d 826, 829 (1977).

*Id.*, 328 Pa.Superior Ct. at 140–141, 476 A.2d at 930–931. See also: *Bobb v. Kraybill*, 354 Pa.Super. 361, 364, 511 A.2d 1379, 1380 (1986); *Chandler v. Johns–Manville Corp.*, 352 Pa.Super. 326, 328, 507 A.2d 1253, 1254 (1986). However, "[w]hen a motion for summary judgment is made and supported as provided in [the] rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in [the] rule, must set forth specific facts showing that there is a genuine issue for trial." Pa.R.C.P. 1035(d). Thus, "[i]n considering a motion for summary judgment under Rule 1035, a court may rely on the pleadings for uncontroverted facts but must ignore the pleadings as to controverted facts.... 'The very mission of the summary judgment procedure is to pierce the pleadings and to assess the proof in order to see whether there is a genuine need

for trial.'" *Phaff v. Gerner*, 451 Pa. 146, 150–151, 303 A.2d 826, 829 (1973).

■ The timeliness of Pfahler's action is determined by FELA's three year statute of limitations at 45 U.S.C.A. § 56. In the case of an occupational disease, the statutory limitation begins to run when the claimant becomes aware that he has suffered the illness and that his condition is work related. See: *Kichline v. Consolidated Rail Corp.*, 800 F.2d 356, 358 (3d Cir.1986); *Emmons v. Southern Pacific Transportation Co.*, 701 F.2d 1112, 1119 (5th Cir. 1983). See also: *Farmer v. Pennsylvania Railroad Co.*, 311 F.Supp. 1074, 1076 (W.D.Pa.1970). Where a "creeping" disease is involved, the employee has knowledge of the disease when the cumulative effects of the deleterious substance are manifested. *Urie v. Thompson*, 337 U.S. 163, 170, 69 S.Ct. 1018, 1025, 93 L.Ed. 1282 (1949). An employee may have knowledge of the work related nature of his illness even though he has not received an unequivocal professional diagnosis that he is in fact suffering from an occupational illness. See: *Emmons v. Southern Pacific Transportation Co., supra* at 1121–1122.

Pfahler's complaint contains an averment that he became aware of his condition on May 20, 1983 and within three years of the filing of his action. However, his depositions reveal that he consulted with Dr. Cheung in September, 1978 because of breathing difficulties which he had then already begun to experience. Dr. Cheung diagnosed Pfahler's condition as chronic bronchitis and pulmonary emphysema caused by dust and fume exposure at his place of employment. He advised Pfahler to terminate his employment. Thereafter, Pfahler did terminate his employment and continued to see Dr. Cheung for follow-up examinations.

Pfahler argues that even if he did become aware of his pulmonary condition in September, 1978, he did not become aware that it was work related until May 20, 1983, when he was treated for the first time by Dr. Macey Levine. Dr. Levine diagnosed his condition as pneumonoconiosis and chronic bronchitis attributable to welding dust and told

Pfahler that it was work related. Pfahler's depositions, however, make it unequivocally clear that he knew the cause of his lung problems before his treatment by Dr. Levine. Thus, he testified as follows:

Q. Did (Dr. Cheung) give any opinion at that time in September of 1978 as to why you had those problems?

A. Not that I recall, no. He just told me what I had, and then specified—

Q. Did he indicate to you that he felt it was from breathing in the fumes and dust at your job?

A. Yes, that's what he indicated to me, yes.

Deposition Testimony of Frank E. Pfahler, December 15, 1983 at p. 55. Later, at a continued deposition, Pfahler testified on March 5, 1986 as follows:

Q. Did he at that time indicate to you that he thought your breathing problem was from the fumes and dust at your job?

A. Yes, sir, yes.

. . . .

Q. Did he tell you this was caused by your working environment?

A. Yes, Dr. Cheung told me that, that was caused by the working environment, yes.

Continued Deposition of Frank E. Pfahler, March 5, 1986, at pp. 148–149. And later the following occurred:

Q. As I understand it from your testimony, you went to see Dr. Cheung on September 8th or 10th of 1978?

A. Yes.

Q. At that time he told you that your condition was due to your smoking and due to your job?

A. Okay. It's like I say, I don't recall him telling me it was about smoking but he did say about my job.

Q. It was related to your job?

A. Work related, yes.

Id. at 161.

◼ Because there can be no dispute that appellee knew of his condition and that it was work related in September,

1978, the present action, commenced on August 15, 1983, is barred by FELA's three year statute of limitations.

Order reversed. Judgment is entered in favor of appellant, Consolidated Rail Corporation.