540 A.2d 941

**Barry MAPP, Appellant,**

v.

**GIMBELS DEPARTMENT STORE, Gimbels Department Store, Wells Fargo Security Company, Appellees.**

Superior Court of Pennsylvania.

Argued Oct. 8, 1987.

Filed March 10, 1988.

Reargument Denied May 3, 1988.

Ronald Ziegler, Philadelphia, for appellant.

Lawrence L. Robinson, Philadelphia, for appellees.

Before ROWLEY, WIEAND and OLSZEWSKI, JJ.

WIEAND, Judge:

The issue in this appeal is whether a department store is liable for injuries sustained by a shoplifter while being pursued and apprehended by a person who was not employed by the store. The trial court held that in the absence of a master-servant relationship by which the store acquired a right to control the pursuer, there could be no vicarious liability for the conduct of the pursuer in restraining the thief. We affirm.

On March 29, 1983, Barry Mapp was observed in the J.C. Penney department store in Upper Darby by security personnel who suspected that he might be a shoplifter. Michael DiDomenico, a security guard employed by J.C. Penney, followed Mapp when he left the store and proceeded to Gimbels department store. There, DiDomenico notified Rosemary Federchok, a Gimbels security guard, regarding his suspicions. Without any request for assistance, DiDomenico determined that he would remain to assist in case Federchok, a short woman of slight build, required help in dealing with Mapp in the event he committed an offense in Gimbels. It came as no surprise when Mapp was observed taking items from the men's department of the store. When Mapp attempted to escape, he was pursued. Although Federchok was unable to keep up, DiDomenico continued to pursue Mapp and ultimately apprehended him in the lower level of the Gimbels parking lot. When Federchok arrived with Upper Darby police, merchandise which had been taken from Gimbels was recovered.[1] Mapp, who had been injured when he jumped from one level of the parking lot to another, was taken to the Delaware County Memorial Hospital where he was treated for a broken ankle.

1. Other merchandise found in Mapp's possession had been purchased at another store and was returned to Mapp's family.

On March 27, 1985, Mapp commenced an action against Gimbels for injuries sustained while being chased and apprehended by DiDomenico. Mapp alleged in his complaint that DiDomenico, while acting as an agent of Gimbels, had chased him, had struck him with a nightstick, and had beat him with his fists. After the pleadings were closed and pretrial discovery completed, Gimbels moved for summary judgment. The trial court determined that there was no issue of fact regarding Gimbels' possible liability and entered the requested summary judgment. DiDomenico, the trial court concluded, "was acting of his own volition as an employee for [J.C. Penney] in instigating surveillance of [Mapp] and following him into the parking lot." On appeal, Mapp argues that there was an implied master-servant relationship between Gimbels and DiDomenico which was sufficient to make Gimbels vicariously liable for DiDomenico's conduct. We disagree and affirm the judgment entered by the trial court.

In *Thorsen v. Iron and Glass Bank*, 328 Pa.Super. 135, 476 A.2d 928 (1984), this Court defined the role of a motion for summary judgment under Pa.R.C.P. 1035 as follows:

A motion for summary judgment may properly be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Pa.R.C.P. 1035(b). See also: *Rybas v. Wapner*, 311 Pa.Super. 50, 54, 457 A.2d 108, 109 (1983); *Williams v. Pilgrim Life Insurance Co.*, 306 Pa.Super. 170, 172, 452 A.2d 269, 270 (1982). In passing upon a motion for summary judgment, the court must examine the record in the light most favorable to the nonmoving party. *Pocono International Raceway, Inc. v. Pocono Produce, Inc.*, 503 Pa. 80, 82–83, 468 A.2d 468, 470 (1983); *Zimmerman v. Zimmerman*, 322 Pa.Super. 121, 124–125, 469 A.2d 212, 213 (1983); *Wilk v. Haus*, 313 Pa.Super. 479, 482, 460 A.2d 288, 289–290 (1983). It is not part of the court's function

to decide issues of fact but solely to determine whether there is an issue of fact to be tried. *Wilk v. Haus, supra,* 313 Pa.Superior Ct. at 482, 460 A.2d at 290; *Tom Morello Construction Co. v. Bridgeport Federal Savings & Loan Association,* 280 Pa.Super. 329, 334, 421 A.2d 747, 750 (1980). Any doubt must be resolved against the moving party. *Chorba v. Davlisa Enterprises, Inc.,* 303 Pa.Super. 497, 500, 450 A.2d 36, 38 (1982); *First Pennsylvania Bank, N.A. v. Triester,* 251 Pa.Super. 372, 378, 380 A.2d 826, 829 (1977).

*Id.,* 328 Pa.Superior Ct. at 140–141, 476 A.2d at 930–931.

■ It is beyond dispute in the instant case that DiDomenico was not at any relevant time employed by or subject to a right of control by Gimbels. An agency results only if there is an agreement for the creation of a fiduciary relationship with control by the principal. *Smalich v. Westfall,* 440 Pa. 409, 414, 269 A.2d 476, 480 (1970). "The basic elements of agency are 'the manifestation by the principal that the agent shall act for him, the agent's acceptance of the undertaking and the understanding of the parties that the principal is to be in control of the undertaking.' " *Scott v. Purcell,* 490 Pa. 109, 117, 415 A.2d 56, 60 (1980), quoting Restatement (Second) of Agency § 1, Comment b (1958).

" 'A master is a principal who employs an agent to perform service in his affairs and who controls or has the right to control the *physical conduct* of the other in the performance of the service.' " *Smalich v. Westfall, supra* 440 Pa. at 414, 269 A.2d at 481, quoting Restatement (Second), Agency § 2(1) and (2) (emphasis in original). "The relation of employer and employe exists when a party has the right to select the employe, the power to discharge him, and the right to direct both the work to be done and the manner in which such work shall be done." *Sweet v. Pennsylvania Labor Relations Bd.,* 457 Pa. 456, 462, 322 A.2d 362, 365 (1974).

■ There was no agreement between Gimbels and DiDomenico that DiDomenico would act on behalf of Gimbels or that he would become subject to the right of Gimbels to

oversee and direct the manner in which his surveillance was to be conducted. While working for J.C. Penney, DiDomenico had followed Mapp into Gimbels. He remained there without invitation and at his own instance. His assistance was neither requested nor sought by Gimbels or by anyone on its behalf. Therefore, DiDomenico was acting on his own and not as an agent or employee of Gimbels when he chased Mapp through the parking area and apprehended him in the lower parking area. Contrary to appellant's contention, there is no evidentiary basis for asserting the existence of an agreement of assistance between Gimbels and J.C. Penney whereby the security personnel of one store was authorized to provide assistance to the other in apprehending shoplifters.

In the absence of a right to control the conduct of DiDomenico's work, Gimbels cannot be liable for injuries which he inflicted during his chase and apprehension of appellant, a shoplifter. The trial court properly entered summary judgment in Gimbels favor.

Affirmed.