591 A.2d 314

**Joseph R. KLINEBURGER, Appellant,**

**v.**

**MARITRANS, Maritrans Operating Partners L.P. and Maritrans G.P., Inc., Appellees.**

Superior Court of Pennsylvania.

Argued Nov. 8, 1990.

Filed May 22, 1991.

492

Avram G. Adler, Philadelphia, for appellant.

Stuart M. Goldstein, Haddonfield, N.J., for appellees.

Before WIEAND, KELLY and CERCONE, JJ.

WIEAND, Judge:

The issue in this appeal is whether a ship's captain can recover under general principles of admiralty law or under the Jones Act, 46 U.S.C.App. § 688, for physical or emotional manifestations of work related stress. The trial court held that there could be no such recovery and entered summary judgment in favor of the defendant ship owner. After careful review, we affirm.

In July, 1986, Joseph R. Klineburger, an employee of Maritrans with sixteen years experience, was serving as captain of Tanker Barge 71, which had been engaged to transport a cargo of molten asphalt from Philadelphia to Providence, Rhode Island. Charles Edwards, who had recently been hired by Maritrans, was assigned to the vessel as a member of the crew. Klineburger has alleged that Edwards, from the beginning, displayed dangerous, aberrant behavior while aboard ship. Thus, he allegedly (1) bragged about his ability to kill and about having killed while serving in Vietnam; (2) played with fire by blowing flame at another seaman aboard ship after the ship had been loaded with fuel and cargo; and, finally, (3) jumped

overboard and swam ashore while the ship was en route to Rhode Island. Between July, 1986 and December, 1986, Edwards was not replaced; and, therefore, Klineburger and other members of the crew were required to stand more frequent watches. Klineburger contended that because of these events he suffered a chronic and debilitating anxiety and, because of the emotional/psychiatric injury which he sustained, became disabled from further employment. His condition was diagnosed by his physician, on the application for long term disability benefits, as depression and anxiety, together with an incidentally discovered hypertension. Appellant, in depositions, said that he had suffered "emotional strain and stress." He attributed it to stress caused by Edwards' brief stay aboard ship. His physicians, on the other hand, attributed his condition to "no specific incident" but to life threatening experiences as a ship's captain.

In reviewing the grant of summary judgment, we are guided by the law set forth in *Austin J. Richards, Inc. v. McClafferty*, 371 Pa.Super. 269, 538 A.2d 11 (1988), *allocatur denied*, 520 Pa. 570, 549 A.2d 131 (1988), as follows:

A motion for summary judgment may properly be granted only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Pa.R.C.P. 1035(b). See also: *Rybas v. Wapner*, 311 Pa.Super. 50, 54, 457 A.2d 108, 109 (1983); *Williams v. Pilgrim Life Insurance Co.*, 306 Pa.Super. 170, 172, 452 A.2d 269, 270 (1982). In passing upon a motion for summary judgment, the court must examine the record in the light most favorable to the nonmoving party. *Pocono International Raceway, Inc. v. Pocono Produce, Inc.*, 503 Pa. 80, 82–83, 468 A.2d 468, 470 (1983); *Zimmerman v. Zimmerman*, 322 Pa.Super. 121, 124–125, 469 A.2d 212, 213 (1983); *Wilk v. Haus*, 313 Pa.Super. 479, 482, 460 A.2d 288, 289–290 (1983). It is not part of the court's function to decide issues of fact but solely to determine whether

there is an issue of fact to be tried. *Wilk v. Haus, supra,* 313 Pa.Superior Ct. at 482, 460 A.2d at 290; *Tom Morello Construction Co. v. Bridgeport Federal Savings & Loan Association,* 280 Pa.Super. 329, 334, 421 A.2d 747, 750 (1980). Any doubt must be resolved against the moving party. *Chorba v. Davlisa Enterprises, Inc.,* 303 Pa.Super. 497, 500, 450 A.2d 36, 38 (1982); *First Pennsylvania Bank, N.A. v. Triester,* 251 Pa.Super. 372, 378, 380 A.2d 826, 829 (1977).

*Id.,* 371 Pa.Superior Ct. at 273–274, 538 A.2d at 13, quoting *Thorsen v. Iron and Glass Bank,* 328 Pa.Super. 135, 140–141, 476 A.2d 928, 930–931 (1984).

■ In the instant case, the injuries alleged by appellant occurred because of maritime activity occurring in navigable waters. Although the present action has been brought in a state court, liability must be determined according to federal, maritime law. 70 Am.Jur.2d Shipping § 447 (1987), citing *Kermarec v. Compagnie Generale Transatlantique,* 358 U.S. 625, 628, 79 S.Ct. 406, 408, 3 L.Ed.2d 550, 553 (1959), *overruled on other grounds, Moragne v. States Marine Lines, Inc.,* 398 U.S. 375, 90 S.Ct. 1772, 26 L.Ed.2d 339 (1970); *Sistrunk v. Circle Bar Drilling Co.,* 770 F.2d 455, 458 n. 3 (5th Cir.1985), *cert. denied,* 475 U.S. 1019, 106 S.Ct. 1205, 89 L.Ed.2d 318 (1986).

■ Under federal law, a ship owner is strictly liable for failing to furnish a seaworthy ship. Liability for failing to provide a seaworthy ship arises independent of any duty to exercise reasonable care. See: *Seas Shipping Co. v. Sieracki,* 328 U.S. 85, 94–95, 66 S.Ct. 872, 877–878, 90 L.Ed. 1099, 1106 (1946); *Mahnich v. Southern S.S. Co.,* 321 U.S. 96, 64 S.Ct. 455, 88 L.Ed. 561 (1944). See also: *Miles, Admx. v. Apex Marine Corp.,* 498 U.S. ——, ——, 111 S.Ct. 317, 322, 112 L.Ed.2d 275, 286 (1990). Appellant contends that the ship owner's employment of Edwards and subsequent failure to replace him rendered the barge unseaworthy. Under this doctrine, however, recovery by a seaman generally is limited to, "past and prospective loss of earnings, medical expenses, physical injuries and pain and suffering." *Kiffe v. Neches–Gulf Marine, Inc.,* 709 F.Supp.

743, 745 (E.D.Tex.1989), citing *Sosa v. M/V Lago Izabal*, 736 F.2d 1028, 1034 (5th Cir.1984). See also: *Gaston v. Flowers Transportation*, 866 F.2d 816, 821 (5th Cir.1989); *Bartholomew v. Universel Tankships, Inc.*, 279 F.2d 911, 916 (2d Cir.1960). Recovery for purely mental/emotional injury because of an unseaworthy vessel has generally been denied.

 The Jones Act makes available to seamen injured in the course of their employment a right of recovery for injuries resulting from the ship owner's negligence.[1] The Act "establishes a uniform system of tort law parallel to that available to employees of interstate railway carriers under [the Federal Employers' Liability Act (FELA), 45 U.S.C. § 51]." See: *Miles, Admx. v. Apex Marine Corp.*, *supra* at ——, 111 S.Ct. at 321, 112 L.Ed.2d at 285. See also: *Mitchell v. Trawler Racer, Inc.*, 362 U.S. 539, 546–547, 80 S.Ct. 926, 931, 4 L.Ed.2d 941, 946 (1960); *Neal v. Saga Shipping Co.*, 407 F.2d 481, 485 (5th Cir.1969), *cert. denied*, 395 U.S. 986, 89 S.Ct. 2143, 23 L.Ed.2d 775 (1969). The Jones Act allows an injured seaman to recover for injuries on a theory of negligence which is different from and in addition to the strict liability theory established under the ancient doctrine of unseaworthiness. See: *Garrett v. Moore–McCormack Co.*, 317 U.S. 239, 240 n. 2, 63 S.Ct. 246, 248 n. 2, 87 L.Ed. 239, 241 n. 2 (1942); *Rowley v.*

1. The Jones Act provides, in relevant part, as follows:
 Any seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law, with the right of trial by jury, and in such action all statutes of the United States modifying or extending the common-law right or remedy in cases of personal injury to railway employees shall apply....
 46 U.S.C.App. § 688(a) (1986).
 FELA provides, in relevant part, as follows:
 Every common carrier by railroad while engaging in commerce ... shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce ... for such injury ... resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment.

*Sierra S.S. Co.,* 48 F.Supp. 193, 195 (N.D.Ohio 1942). Here, appellant alleges that his injury was caused by the ship owner's negligence in hiring Edwards, an averred dangerous person.

In *Atchison, Topeka and Santa Fe Railway Co. v. Buell,* 480 U.S. 557, 107 S.Ct. 1410, 94 L.Ed.2d 563 (1987), the Supreme Court declined to decide whether damages were recoverable for purely emotional injuries under the FELA, and therefore under the Jones Act. This caused the Court of Appeals for the Fifth Circuit, in *Gaston v. Flowers Transportation, supra,* to comment:

> The most recent statement from the Supreme Court regarding recovery for purely emotional injuries under the FELA, and therefore the Jones Act, is to be found in *Atchison, Topeka and Santa Fe Railway Co. v. Buell,* 480 U.S. 557, 107 S.Ct. 1410, 94 L.Ed.2d 563 (1987). In *Buell,* the Court declined to decide whether damages were recoverable for purely emotional injuries under the FELA because the record was not fully developed on the alleged tort of the employer and the claimed resulting injury to the respondent. *Id.* at 567, 107 S.Ct. at 1417. The court did, however, offer the following observation:
>
>> In short, the question whether one can recover for emotional injury may not be susceptible to an all-inclusive "yes" or "no" answer. As in other areas of law, broad pronouncements in this area may have to bow to the precise application of developing legal principles to the particular facts at hand.
>
> *Id.* at 570, 107 S.Ct. at 1418. This statement has been viewed as an open invitation "to parse the FELA in light of the specific facts" of a case. *Netto v. Amtrak,* 863 F.2d 1210, 1213 (5th Cir.1989). Indeed, a liberal interpretation has traditionally been ascribed to the legislation; and the common law has served as a guide to interpreting the statute. *See Buell,* 480 U.S. at 568, 107 S.Ct. at 1417.

*Id.* at 818.

Recovery for job related stress has been before the Court of Appeals for the Third Circuit and the United States

Court for the Eastern District of Pennsylvania. In *Kraus v. Consolidated Rail Corp.*, 723 F.Supp. 1073 (E.D.Pa. 1989), *appeal dismissed*, 899 F.2d 1360 (3d Cir.1990), the Court concluded that

> plaintiffs, who allegedly suffer from stress-related physical or purely emotional injuries or illnesses caused by their general working conditions, fail to state a claim under the FELA. Lawyers, doctors, bus drivers, police officers, laborers, and, yes, even judges, face stressful conditions every working day. To suggest that Congress intended to single out railroad workers (and seamen under the Jones Act) as worthy of special protection from such stress would be pure folly. Job-related stress is simply not the type of problem intended to be dealt with by the FELA.

*Id.* at 1090 (footnote omitted). The court assigned as reason for its holding a fear of (1) fraud, (2) a flood of litigation by disenchanted workers, and (3) incalculable and potentially unlimited damages. It also opined that a contrary rule would create problems regarding causation and foreseeability. The court foresaw also that claims would be open to the defense of assuming the risk of stress related injuries by voluntarily accepting stressful positions. Such injuries, the court suggested, are caused by "too much—not too dangerous—work."

The reasoning in *Kraus* was approved by the Court of Appeals for the Third Circuit in *Holliday v. Consolidated Rail Corporation*, 914 F.2d 421 (3d Cir.1990). Holliday, a railroad employee, was adversely affected by the stress of his job and began to experience heart palpitations, sleep disorder, anxiety, depression, tenesmus, a spastic colon and involuntary rectal discharge. The district court entered summary judgment in favor of the employer, holding that psychological and physical manifestations of job related stress were not recoverable under the FELA. On appeal, the Court of Appeals affirmed. In so doing, the Court observed that there had been no accident, and that Holliday had not observed injury to another party because of tor-

tious conduct. The court also observed that Holliday's condition was not solely emotional but included physical consequences attributable to his emotional state. The Court declined to alter its analysis, however, observing that to hold otherwise would permit the most attenuated claims to be presented to a jury whenever a claimant alleged "possible negligence with psychological consequences." See also and compare: *Gaston v. Flowers Transportation, supra,* where the Court of Appeals for the Fifth Circuit held that there could be no recovery for emotional distress after a seaman had observed a shipping accident in which his half-brother had been injured but which had not involved a physical touching of the seaman.

In the instant case, there is no contention that the ship owner was guilty of outrageous conduct suggesting an intentional infliction of emotional distress. Instead, appellant has alleged that he was injured when he performed normal duties as ship captain under conditions which were more difficult and stressful than usual because of Edwards. However, there was no threatening activity of any kind directed at or near appellant personally, and he was not a witness to serious physical injury to any third person. Under these circumstances we conclude, as did the federal district court under similar facts in *Kraus v. Consolidated Rail Corp., supra,* and the Court of Appeals in *Holliday v. Consolidated Rail Corporation, supra,* that there can be no recovery under the Jones Act for the psychological and physical manifestations of job related stress alleged by the plaintiff-appellant.

These decisions specifically involved the Jones Act and FELA. We conclude, however, that they have equal application to claims based on the alleged unseaworthiness of a vessel. They represent policy statements pertaining to federal admiralty law and the nature of the claims which can be made thereunder. The trial court's entry of summary judgment in favor of the ship owner was consistent

with these decisions and requires that we affirm its determination.

Judgment affirmed.