### Loftus v. Consolidated Rail Corp. (No. 2)

*Dennis R. Sheaffer,* for plaintiff.
*Craig J. Staudenmaier,* for defendant.

HESS, *J.,* May 14, 1992—On December 30, 1985, the plaintiff, Vincent P. Loftus was working at the defendant's, Consolidated Rail Corp. (Conrail), Enola Diesel Terminal in Cumberland County, Pennsylvania. The plaintiff was employed as a sheet metal worker/pipe fitter and had been so employed by Conrail for over 12 years. At approximately 6:30 p.m., the plaintiff returned to his locker and discovered that his money was missing. After a brief search, he observed another Conrail employee, John Marks, counting money nearby. The plaintiff accused Mr. Marks of stealing his money and an argument ensued. The argument developed into an altercation when the plaintiff attempted to hit Mr.

Marks and instead struck a locker with his fist. Mr. Marks left the locker room and headed toward the lunchroom. At the doors of the lunchroom, the plaintiff grabbed Mr. Marks and pushed him against the doors. The two men were eventually separated from one another and taken to the supervisors's office where they were each interviewed by the shop manager and the Conrail police.

The money, which had been retrieved by the plaintiff, was returned to Mr. Marks by the Conrail police and management. The plaintiff subsequently filed a private criminal complaint against Mr. Marks which resulted in a conviction for theft. The plaintiff received full restitution in the amount of $135. Immediately after the incident, the plaintiff alleged that he was harassed, ridiculed and made the subject of various accusations and jokes, by his fellow workers, because it was thought that he was attempting to take Mr. Marks' money. In addition, the plaintiff began to suffer physical symptoms including back pain, headaches, nausea and insomnia. The physical symptoms were not the result of the striking of his hand on the locker. The plaintiff's supervisors were aware of the plaintiff's accusations, however, no immediate action was taken.

The plaintiff sought treatment with an osteopathic physician and two psychologists after the incident. With the osteopathic doctor's recommendation, the plaintiff discontinued employment with Conrail in November of 1985. After the physical symptoms diminished, the plaintiff returned to work for Conrail in June of 1988 and is presently employed there.

On December 30, 1988, the plaintiff filed a complaint against Conrail alleging negligent infliction of emotional distress. On March 21, 1989, Conrail filed its answer with new matter to which the plaintiff replied on April

17, 1989. The parties have exchanged discovery and taken depositions. Conrail now moves for summary judgment.

## DISCUSSION

The plaintiff has brought his claim under the Federal Employers' Liability Act, 45 U.S.C. §51 et seq. In 45 U.S.C. §56, the courts of the several states are given concurrent jurisdiction with the federal courts for causes of action asserted under the FELA. In adjudicating the FELA claim, the state court applies federal substantive law and state procedural rules. *Dale v. Baltimore & Ohio R.R.,* 520 Pa. 96, 100, 552 A.2d 1037, 1038 (1989) (quoting *St. Louis Southwestern Railway Co. v. Dickerson,* 470 U.S. 409 (1985)).

Conrail has moved for summary judgment under Pa.R.C.P. 1035. In evaluating a summary judgment motion, this court is governed by well-established principles:

"A motion for summary judgment may properly be granted only 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' See also *Rybas v. Wapner,* 311 Pa. Super. 50, 54, 457 A.2d 108, 109 (1983); *Williams v. Pilgrim Life Insurance Co.,* 306 Pa. Super. 170, 172, 452 A.2d 269, 270 (1982). In passing upon a motion for summary judgment, the court must examine the record in the light most favorable to the nonmoving party. *Pocono International Raceway Inc. v. Pocono Produce Inc.,* 503 Pa. 80, 82-83, 468 A.2d 468, 470 (1983); *Zimmerman v. Zimmerman,* 322 Pa. Super. 121, 124-125, 469 A.2d 212, 213 (1983); *Wilk v. Haus,* 313 Pa. Super. 479, 482, 460 A.2d 288,

289-290 (1983). It is not part of the court's function to decide issues of fact but solely to determine whether there is an issue of fact to be tried. *Wilk v. Haus, supra,* 313 Pa. Super. at 482, 460 A.2d at 290; *Tom Morello Construction Co. v. Bridgeport Federal Savings & Loan Association,* 280 Pa. Super. 329, 334, 421 A.2d 747, 750 (1980). Any doubt must be resolved against the moving party. *Chorba v. Davlisa Enterprises Inc.,* 303 Pa. Super. 497, 500, 450 A.2d 36, 38 (1982); *First Pennsylvania Bank, N.A. v. Triester,* 251 Pa. Super. 372, 378, 380 A.2d 826, 829 (1977)." *Klineburger v. Maritrans,* 404 Pa. Super. 490, 493-94, 591 A.2d 314, 315 (1991). (citation omitted)

The plaintiff's complaint falls specifically under 45 U.S.C. §51 which allows "damages to any person suffering injury while he is employed by [a] carrier in ... commerce ... for such injury ... resulting in whole or in part from the negligence of any of the officers, agents or employees of such carrier." It is undisputed that Conrail is an interstate common carrier of freight for hire by rail and that the plaintiff was an employee thereof. The issues arise in the area of negligence, and its relationship to the injury. The plaintiff claims that the defendant is liable for negligent infliction of emotional distress resulting from a failure to provide a safe work place.[1] More specifically, the plaintiff alleges that he suffered insomnia, back pain, headaches and nausea resulting from emotional distress caused by the harassment from co-employees and supervisors.

---

1. A railroad has a duty to use reasonable care in furnishing its employees with a safe place to work. *Atchison, Topeka and Santa Fe Railway Co. v. Buell,* 480 U.S. 557, 558 (1987). A breach of this duty which results in injuries to an employee can give an employee a cause of action for damages under the FELA. *Id.* at 559.

In *Atchison, Topeka and Santa Fe Railway Co. v. Buell,* 480 U.S. 557, 558 (1987), a carman filed a FELA complaint alleging that fellow employees harassed, threatened and intimidated him resulting in an unsafe place to work and an emotional breakdown. The defendant railroad moved for summary judgment on the grounds that the district court did not have subject matter jurisdiction because the plaintiff's claim was a labor dispute subject to the Railway Labor Act. After disposing of the jurisdictional issue, the U.S. Supreme Court offered guidance on whether purely emotional injuries are cognizable under the FELA:

"The question whether 'emotional injury' is cognizable under the FELA is not necessarily an abstract point of law or a pure question of statutory construction that might be answerable without exacting scrutiny of the facts of the case. Assuming, as we have, that FELA jurisprudence gleans guidance from common-law developments, see *Urie v. Thompson,* 337 U.S. at 174, 93 L.Ed 1282, 69 S.Ct. 1018, whether one can recover for emotional injury might rest on a variety of subtle and intricate distinctions related to the nature of the injury and the character of the tortious activity.

"In short, the question whether one can recover for emotional injury may not be susceptible to an all-inclusive 'yes' or 'no' answer. As in other areas of law, broad pronouncements in this area may have to bow to the precise application of developing legal principles to the particular facts at hand." *Atchison, Topeka and Santa Fe Railway Co. v. Buell,* 480 U.S. 557, 568-70 (1987).[2]

---

2. We note that the plaintiff has alleged physical manifestations resulting from the psychological stress. This would not be a "purely emotional injury," however, we still feel that *Buell's* guidance applies. See generally *Buell,* 480 U.S. at 570 no. 22.

The federal courts have demonstrated a wide variety of approaches to the FELA emotional distress claim: Some federal courts allow railroad employees to recover for wholly mental injury. *Taylor v. Burlington N.R.R.,* 787 F.2d 1309, 1313 (9th Cir. 1986) (allegations that harassment by foreman caused plaintiff to suffer paranoid schizophrenia). Other federal courts require the railroad employee to show physical contact or threat of physical contact before he can recover for emotional injury under the FELA. *Ray v. Consolidated Rail Corp.,* 938 F.2d 704, 705 (7th Cir. 1991) (allegations that supervisor's harassment caused a mental and physical breakdown). Still other federal courts allow recovery if there is objective physical symptomatology of the mental distress. *Teague v. National R.R. Passenger Corp.,* 708 F. Supp. 1344, 1350 (D. Mass. 1989) (allegations that a pattern of harassment by supervisors resulted in psychological and physical harm). Finally, some federal courts, in cases where the plaintiffs were held not to have alleged a prima facie case, would grant relief only where there was unconscionable abuse of the employee or outrageous conduct. *Elliott v. Norfolk & Western Railway Co.,* 910 F.2d 1224, 1229 (4th Cir. 1990); *Adams v. CSX Trans.,* 899 F.2d 536, 539 (6th Cir. 1990); *Netto v. Amtrak,* 863 F.2d 1210, 1214 (5th Cir. 1989).

The 3rd Circuit, in which our inquiry lies, has refused to fashion a bright line rule. In *Kraus v. Consolidated Rail Corp.,* 723 F. Supp. 1073 (E.D. Pa. 1989), four former railroad dispatchers brought suit against Conrail alleging emotional injury because Conrail failed to provide a safe work place by consolidating positions and reducing its force. Conrail moved for summary judgment on the basis that the FELA does not impose liability on employers for purely emotional or stress-related in-

juries. In evaluating the plaintiffs' claims for negligent infliction of emotional distress, the court noted that the common law "is less clearly defined and in a stage of rapid evolution." *Id.* at 1009. After analyzing a recent law review article and delineating some of the state tests for recovery of damages for negligent infliction of emotional distress, the court found that there was no physical impact or incidents of offensive conduct directed specifically at the plaintiffs and, therefore, the claim had to be carefully scrutinized. *Id.* at 1089-90. With this perspective, the court expressed its view that recovery for negligent infliction of emotional distress should be limited for three reasons: (1) fear of incalculable and potentially unlimited damages; (2) fear of a flood of litigation brought by disenchanted workers; and (3) fraud. *Id.* at 1090.

In granting Conrail's motion for summary judgment, the *Kraus* court held that "plaintiffs, who allegedly suffer from stress-related physical or purely emotional injuries or illnesses caused by their general working conditions fail to state a claim under the FELA." *Id.* at 1090.

"Lawyers, doctors, bus drivers, police officers, laborers, and yes, even judges, face stressful conditions every working day. To suggest that Congress intended to single out railroad workers (and seamen under the Jones Act) as worthy of special protection from such stress would be pure folly. Job-related stress is simply not the type of problem intended to be dealt with by the FELA." *Id.* at 1090.

The *Kraus* approach was subsequently adopted in *Holliday v. Consolidated Rail Corp.*, 914 F.2d 421 (3d Cir. 1990), where the Court of Appeals affirmed a grant of summary judgment in favor of Conrail and against

a railroad employee who claimed physical problems and psychological disorders after being placed in a conductor's job in which he felt he was not qualified. The court noted that there was no physical impact, injury or accident. And although there were physical manifestations, which were germane to the plaintiff's condition, they had "no bearing on the character of Conrail's allegedly tortious activity." *Id.* at 425. The court concluded by emphasizing that their opinion was narrow:

"We are not holding that there can never be a recovery under the FELA for emotional conditions unless the employee suffers an immediate physical injury from the railroad's negligent conduct, or unless there is at least an accident of some kind, as we need not and do not reach that issue. Thus, our holding does not draw a 'bright line' requiring a direct impact traceable to the employer's negligence before there can be a FELA recovery. We are not called upon to decide whether an employee exposed to dangerous conditions for a protracted time, though not in an accident, could recover. But we hold that the facts in this case, considering the character of the allegedly tortious activity, i.e., placing Holliday for a few days in a position in some ways similar to his prior assignment but for which he was unqualified, and the lack of direct, physical impact on him, when viewed in the light most favorable to him, cannot support a recovery.

"We, along with the Court of Appeals for the 1st Circuit, 'discern from the *Buell* opinion an attempt to leave the door to recovery for wholly emotional injury somewhat ajar but not by any means wide open.' *Moody v. Maine Central R.R. Co.,* 823 F.2d 693, 694 (1987). We are encouraged to reach our result by the realization that if we hold that a railroad employee demonstrating

some possible negligence with psychological consequences will always present a jury question in a FELA action, the most attenuated claims could be advanced. Indeed, a routine management decision not resulting in an accident could give rise to a claim by an employee for psychological injuries." *Id.* at 426-27.

Finally, in *Otten v. National R.R. Passenger Corp.,* 928 F.2d 74 (3d Cir. 1991), the Court of Appeals revisited the issue of negligent infliction of emotional distress under the FELA. A suit was brought by an on-track tamper operator who allegedly suffered emotional distress because of his fear that flying debris would kill him from a collision of a ballast regulator and a passenger train a mile away. In evaluating the plaintiff's claim, the court pursued a *Kraus*-like analysis and delineated the various state requirements for recovery of negligent infliction of emotional distress:

"(1) contemporaneous physical injury or impact;

"(2) that the plaintiff either be in the zone of danger or exhibit objective physical manifestations of the emotional injury;

"(3) if (1) or (2) above doesn't apply, that the plaintiff suffer emotional injuries as a result of witnessing harm to immediate family members."[3] *Id.* at 78-79.

After determining that the plaintiff failed to meet the requirements under any of the tests, the *Outten*

---

3. The bystander rule incorporates a foreseeability analysis which involves three factors:

"(1) whether the plaintiff was located near the scene of the accident;

"(2) whether the shock resulted from a direct emotional impact upon the plaintiff from the sensory and contemporaneous observation of the accident; and

"(3) whether the plaintiff and the victim were closely related." *Outten,* 928 F.2d at 78.

court refused to "fashion a new rule for FELA cases so that a railroad employee can recover for purely emotional injuries provided that he or she reasonably feared personal physical injury." *Id.* at 79. The court concluded that:

"Not only is there no support for this proposed rule in the common law from which we are to glean guidance, but such a rule would multiply significantly the opportunity for fraud, limitless claims and increased litigation, the very concerns that have prompted most courts, including this one, to impose some reasonable limit on claims for negligent infliction of emotional distress." *Id.* at 79.

The plaintiff in the instant case has, we believe, failed to show an 'injury' which is cognizable under the FELA under any currently prevailing theory. The plaintiff stated that he suffered emotional distress because people didn't believe that his story was true and that they thought that he was a thief. In addition, the plaintiff was distressed because he was constantly questioned and humiliated; called a thief and scam artist; and ridiculed with such jokes as "aren't you and Mr. Marks going to share a locker?" While this conduct was, perhaps disconcerting to the plaintiff, it cannot be said to constitute outrageous action or unconscionable abuse of the plaintiff on the part of the railroad.

Moreover, the plaintiff does not assert that he suffered any contemporaneous physical injury because of his altercation with Mr. Marks other than his hand hitting the locker through his own volition. Nor can the plaintiff argue that the altercation itself constituted a physical impact. Mr. Marks never struck the plaintiff and, in fact, tried to run away from him.

The plaintiff also concedes that he was not in a zone of danger. There was no negligent force directed against him which could cause him fear. See *Niederman v.*

*Brodsky,* 436 Pa. 401, 261 A.2d 84 (1970).[4] And, although the plaintiff has alleged an objective physical manifestation of his emotional distress, he does not allege that it occurred as a result of an altercation. Therefore, the only possible source of the alleged physical injuries was the stress of the working environment. Again, under prevailing case law, the plaintiff's contentions simply do not support a claim for relief for negligent infliction of emotional distress.

The plaintiff also does not meet the requirements of the "bystander rule." He was not located near the scene of any accident nor did he witness any harm to immediate family members. See *Stoddard v. Davidson,* 355 Pa. Super. 262, 513 A.2d 419 (1986) (citing *Sinn v. Burd,* 486 Pa. 146, 404 A.2d 672 (1979)). Finally, the plaintiff was not operating an instrumentality or otherwise playing a role in an accident in which someone was killed. See *Outten v. National R.R. Passenger Corp.,* 928 F.2d 74 (3d Cir. 1991) (citing *Althoff v. Consolidated Rail Corp.,* 1988 WL 61734, 1988 U.S. Dist. Lexis 5343 (E.D. Pa. 1988)).

In summary, the plaintiff seeks recovery on a theory which would very much expand existing understandings with regard to injuries which are compensable. We do not see it as our function to permit a case to go to the jury where the basis for relief is so contrary to precedent.

## ORDER

And now, May 4, 1992, defendant's motion for summary judgment is granted.

---

4. If anybody was scared it was probably Mr. Marks.